**HART-PARR CO. v. BROCKREIDE.**

No. 8922—Opinion Filed March 9, 1920.

(Syllabus by the Court.)

**1. Contracts—Essentials—Assent of Parties.**

One of the essential elements of a contract

is that there must be mutuality of agreement —both of the contracting parties must assent to its terms.

## 2. Same—Acceptance.

An acceptance, to be effectual, must be identical with the offer and unconditional. Where a person offers to do a definite thing, and another accepts conditionally or introduces a new term into the acceptance, his answer is either a mere expression of willingness to treat or it is a counter proposal, and in neither case is there an agreement.

Error from District Court, Jefferson County; Cham Jones, Judge.

Action by Henry Brockreide against the Hart-Parr Company. Judgment for plaintiff, and defendant brings error. Modified and affirmed.

W. D. Hereford and Bridges & Vertrees, for plaintiff in error.

Guy Green, for defendant in error.

RAINEY, J. This proceeding in error was commenced to reverse the judgment of the district court of Jefferson county, canceling certain notes executed by Henry Brockreide to the Hart-Parr Company, and awarding the said Brockreide damages for the breach of an alleged contract entered into by him with the said company.

The material facts, as shown by the evidence, are as follows: Agents of the defendant company entered into negotiations with the plaintiff at Waurika, Oklahoma, to sell him a Hart-Parr separator and certain other machinery, including an 8-inch, 5-ply 150-foot belt. At the time of the negotiations the plaintiff was the owner of a 12-horse-power engine with which he contemplated furnishing the power for the separator, and said agents represented to him that the separator was of light enough draft that the engine would furnish sufficient power to pull it, and at plaintiff's request a warranty to this effect was inserted in writing on the printed order signed by the plaintiff. There was also inserted in writing in connection with the printed form for the separator a description of the belt and in that part of the order providing that the plaintiff's notes, which were to be given for the purchase price, were to be secured by chattel mortgage on the goods ordered, the following was also inserted in writing: "1 12-horse-power Vance Steam Engine, subject to the mortgage for $100.00, which will be paid July, 1915. This engine is worth $600.00 to sell." The order was made in duplicate and a copy given to the plaintiff. This copy contained a provision that the order was subject to approval at the home office, and that no one except an officer of the company at said home office in Charles City, Iowa, had power to bind the

company either by verbal or written contract. It appears that these agents, for some unexplained reason, did not transmit the order signed by the plaintiff to the home office, but instead sent two separate orders purporting to have been signed by the plaintiff— one to the Hart-Parr Company for the separator, and one to the Machinery Sales Company for a belt, but for a different belt, however, from the kind ordered through the agents. The order received at the home office differed from the copy given the plaintiff in that it contained none of the above written matter inserted in plaintiff's copy. While plaintiff's name purported to have been signed to the order received by the Hart-Parr Company, the evidence shows that it was not his signature and that his name was even incorrectly spelled. Supposing the order to be genuine, the Hart-Parr Company shipped the separator, and the other company appears to have sent the belt. The plaintiff, being unaware of the change in the order, attempted to run the separator with the belt sent him, but immediately on discovering that the separator did not run satisfactorily made complaint to the company, calling attention to the fact that his contract called for a 5-ply, 8-inch, 150-foot belt, and that the company had failed to ship him such a belt, and inquiring what the company intended to do in regard to filling its contract. The company replied, upon receipt of this letter, that it had examined plaintiff's order and that no drive belt was mentioned therein and, therefore, none was shipped. When plaintiff became convinced that the separator would not work with his engine he tendered it back to the defendant company, which accepted it. Plaintiff then instituted this action for cancellation of his notes and damages and caused the separator to be attached. In his petition he alleged the contract to be as evidenced by his copy, and the defendant, in its answer, alleged the contract to be as shown by the purported order received by it. From these facts, which clearly appear from the evidence adduced at the trial, it is evident that there was no contract entered into between the plaintiff and the defendant company. One of the essential elements of a contract is that there must be mutuality of agreement—both of the contracting parties must assent to its terms. 13 C. J., 237; Central Mortgage Co. v. Michigan State Life Ins. Co., 43 Okla. 33, 143 Pac. 175.

The plaintiff offered to buy the separator from the company, together with an 8-inch, 5-ply, 150-foot belt, with a guarantee on the part of the company that his 12-horse-power engine would run the separator and by the express terms of his offer it was not to be

effectual until approved by the company at its home office. Since the company did not approve this offer, and, in fact, never received it, and, therefore, could not have accepted it, it never became their contract. Likewise, the contract pleaded by the defendant company was not assented to by the plaintiff, and the transaction of the parties amounted merely to proposals, no one of which was accepted. W. C. Sterling & Sons Co. v. Watson & Bennett Co. (Mich.) 159 N. W. 381. In these circumstances the separator was not furnished the plaintiff under any contract agreed to by the parties. In 13 C. J., p. 281, the rule stated is as follows:

"An acceptance, to be effectual, must be identical with the offer and unconditional. Where a person offers to do a definite thing, and another accepts conditionally or introduces a new term into the acceptance, his answer is either a mere expression of willingness to treat or it is a counter proposal, and in neither case is there an agreement."

Plaintiff Brockreide executed his notes through a mistake of the facts, and they were not based on any consideration. His acceptance of the separator and his attempt to use it without knowledge of the conditions under which it was sent did not constitute an implied contract, and the defendant does not assert any liability on plaintiff's part, except under its purported written contract. Since the notes were given without consideration, they were properly canceled by the trial court, and the judgment in this respect will not be disturbed.

Plaintiff's claim for damages, however, was based upon the theory that a contract was entered into on the terms specified in the copy of the order left with him by the agents of the defendant; that defendant had breached the terms of said contract by failing to furnish the belt ordered, and had breached its warranty that the separator was light enough to be pulled by his 12-horsepower engine. Defendant having never assented to the terms of plaintiff's offer, and no contract having been agreed upon, plaintiff was not entitled to any damages for the alleged breach thereof.

It is true that the jury necessarily found, in returning a verdict for plaintiff, that the contract was as alleged by him, but, as we have seen, the verdict in this respect was not supported by any competent evidence, since there was no evidence whatever that the defendant agreed to its terms. We will not express an opinion as to whether plaintiff is without a remedy for the damages caused him, if any, on account of the transaction disclosed by the record, as that question is not before us. The judgment sustaining the

attachment for damages was erroneous and should be reversed, but the judgment canceling the notes should be sustained. With this modification, the judgment is affirmed.

OWEN, C. J., and PITCHFORD, JOHNSON, and HIGGINS, JJ., concur.