## OEHLER v. CAWLEY et al.

No. 14607—Opinion Filed Dec. 9, 1924.

**1. Guaranty—Requisites of Contract—Mutual Assent.**

As in the case of other contracts, in order to constitute a contract of guaranty, the minds of the parties must meet in the same sense on the same proposition; or, as generally stated, there must be mutual assent to the terms of the guaranty. C. J., vol. 28, page 898.

**2. Same—Lack of Assent to Conditions—Invalidity of Contract.**

Where an action is based upon a contract of guaranty, and the contract as pleaded by the plaintiff consists of a written instrument signed by the guarantors guaranteeing payment of numerous creditors' claims, in monthly installments, extending from June to December, inclusive, upon condition of extensions of time and acceptance of the creditors having the majority of the indebtedness, and an instrument in writing signed by the said creditors accepting the contract of guaranty, and adding the words as follows: "With the understanding that in default of the payment of any installment at maturity then and in that event Denny Cawley shall transfer all of his properties and holdings to V. E. Oehler, as trustee, for the benefit of all his creditors to be shared pro rata in proportion to their claims. Should it become necessary for Denny Cawley to assign his properties to V. E. Oehler as trustee, then the said trustee shall have authority to first realize on said assets before proceeding to collect from John J. Cawley or Patrick B. Cawley," and a demurrer is sustained to the petition on the ground that the contract is invalid because the added conditions in the notice of acceptance were material and not agreed to by the guarantors, held, the order sustaining the demurrer not erroneous, and the judgment is sustained.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action by V. E. Oehler, as trustee, against John J. Cawley and Patrick B. Cawley for balance due the creditors of Denny Cawley based upon guaranty contract. Judgment for defendants on demurrer, and plaintiff appeals. Affirmed.

Davis & Frazier, for plaintiff in error.

Simons, McKnight & Simons, for defendants in error.

Opinion by THREADGILL, C. The action involves a guaranty contract. Denny Cawley was the debtor and his creditors were the guarantees, John W. Cawley and Patrick B. Cawley were guarantors, and V. E. Oehler was trustee. Denny Cawley was conducting a mercantile business in Ranger, Tex., and in 1920, and sometime prior thereto, under the name of Cawley Brothers, had become somewhat embarrassed in meeting his obligations and keeping up his credit. His two brothers, defendants in this action, living in Creek county, Okla., undertook to make a contract with the creditors of their brother, Denny Cawley, to etend his credit, and on May 12, 1920, they executed the following instrument of writing to said creditors:

"To the creditors of Cawley Bros., Ranger, Texas, Denny Cawley, Proprietor:

"Our brother advises us that at this date his assets total $97,763.57, and his indebtedness, $58,207.30, and though his assets are considerably more than his liabilities he finds he is unable to properly liquidate his indebtedness without the assistance and co-operation of his creditors: therefore, we, his brothers, for and in consideration of the sum of one dollar, the receipt of which is hereby acknowledged, and for the further consideration that you extend time of payment of your account against the Ranger store, do hereby guarantee payment of any sum that he may be owing you providing, however, that creditors representing the majority of the indebtedness agree to extend the time of payment of such indebtedness payable as follows: 10% June 20th. 10% August 20th. 15% September 25th. 20% October 25th. 20% November 25th, 25% December 25th, 1920, and furthermore, that this contemplated extension becomes effective. Upon the extension becoming operative, six notes will be executed to V. E.

Oehler, trustee, and signed by Cawley Bros.. per Denny Cawley, proprietor, and by us the undersigned. Signed and acknowledged at Tulsa, Oklahoma, this 12th day of May, 1920.

"John J. Cawley

"Patrick B. Cawley.

"Subscribed and sworn to before me this 12th day of May, 1920. Golda Barringer, Notary Public. My Commission expires 3-24-23."

In response to this instrument of writing the creditors of Denny Cawley on the same day executed the following writing:

"May 12th, 1920.

"We, the undersigned, creditors of Cawley Bros., of Ranger, Texas, do hereby agree to extend the time of payment on amounts owing us by said Cawley Bros., of Ranger, Texas, as follows:

"10% June 20, 1920, 10% August 20, 1920, 15% September 25, 1920, 20% October 25, 1920, 20% November 25, 1920 and 25% December 25, 1920, with the understanding that in default of the paymnet of any installment at maturity then and in that event Denny Cawley shall transfer all of his properties and holdings to V. E. Oehler, as trustee for the benefit of all his creditors to be shared pro rata in proportion to their claims.

"Should it become necessary for Denny Cawley to assign his properties to V. E. Oehler as trustee then the said trustee shall have authority to first realize on said assets before proceeding to collect from John J. Cawley or Pat. B. Cawley."

On June 27, 1922, the trustee of the creditors brought this action against the defendants, and in his petition he pleaded the above instruments as the contract guaranty, and stated that the credit had been given but the notes had never been executed and delivered, that 70 per cent. of the amount of the creditors claims had been paid, but default had been made in payment of the balance due, being the sum of $12,633.79, which is itemized according to the several accounts. Is was further stated that Denny Cawley never transferred his properties and holdings or any part of same to the trustee, "as provided in acceptance agreement, after default had been made in the deferred payments as provided in said guaranty agreement."

Defendants demurred to the petition on the ground that neither the separate causes of action stated, nor the petition as a whole were sufficient to allege a cause of action against the defendants.

The demurrer was sustained and cause dismissed, and plaintiff appealed by petition in error and case-made, urging that it was error to sustain the demurrer, for the reason the action was based upon a guaranty contract in writing, which was sufficient for all purposes under section 5034. Comp. Stat. 1921. Plaintiff claims the instrument signed by defendants was a complete contract within itself upon the acceptance of the creditors, and was a sufficient guaranty and needed no notice of acceptance from the creditors to put it in force, and if such notice was necessary the instrument signed by the creditors was sufficient for this purpose.

The defendants contend that the notice was more than sufficient and amounted to a counter proposition in adding after the conditions of payment, the words, "with the understanding that in default of the payment of any installment at maturity then and in that event Denny Cawley shall transfer all of his properties and holdings to V. E. Oehler, as trustee, for the benefit of all his creditors to be shared pro rata in proportion to their claims.

"Should it become necessary for Denny Cawley to assign his properties to V. E. Oehler as trustee then the said trustee shall have authority to first realize on said assets before proceeding to collect from John J. Cawley or Patrick B. Cawley."

There were no other transactions between the parties. The defendants did not reply to this answer, they say the counter proposition which they did not accept released them from their proffered guaranty by adding something material they did not offer. These were the contentions before the trial court when the demurrer was considered and passed on. The question, therefore, for us to consider and determine is, not whether or not notice of acceptance on the part of the creditors was necessary to put in force the contract of guaranty proffered by defendants, but whether or not the acceptance made in writing as above set out amounted to a notice of acceptance or an acceptance of what defendants proposed with other conditions that made a counter proposal. In substance the creditors say: We will accept your proposition of guaranty with the understanding that if there is any default in the payments the debtor must turn over the business and his holdings to the trustee that we may apply his property on the indebtedness as far as it will go and then hold you for any balance not satisfied. Plaintiff contends these added conditions did not tend to change the contract proposed by defendants for the reason, counsel say: "This would in nowise relate back to and

release the guarantors from their guaranty, since they were in nowise a party to such additional agreement, and none of their vested rights were, or could have been prejudiced by said additional condition." This statement could have been true if the creditors had not made it a part of the notice of acceptance, but when they put it in the written notice of acceptance it becomes a part of the conditions upon which they accept the proposition of guaranty, and would require notice on the part of the guarantors of their acceptance, and if they had agreed to this, they would have been guarantors of the payments and in case of default of any installment, guarantors of the debtor's property being turned over to the trustee for his management and appropriation on the balance due, and would have prevented the guarantors from managing or taking any interest in the management of this property in settling the debts and protecting themselves. Plaintiff cites the case of Sweet et al. v. Newberry (Mich.) 52 N. W. 1005, in support of his contention, but the facts are not sufficient to be applicable here.

In that case the guarantor was not required and did not guarantee the shipment of the hoops for any specified definite indebtedness, but, the agreement was to advance $12,000 in three installments to pay for barrel hoops. The hoop manufacturers had an agreement with Sweet apart from the guaranty contract by which the first shipment of hoops should be used to pay an old debt, and this shipment did not draw anything from the $12,000, and it was held that this agreement between the hoop makers and Sweet did not effect the guaranty contract. If the guarantees, shippers of the hoops, had required the guarantor to agree as a part of the contract, that the payments or installments should be applied to certain hoops which the shipper was required to furnish and the purchaser was required to pay for out of the $12,000 guaranteed, then we would have a similar case to the case at bar, if the defendants had accepted the added conditions in this case and the guarantors had been parties to the contract in that case. But the records show the facts of the two cases far and wide apart, and the principles announced in the Sweet Case cannot help the plaintiff in this case.

Examining the two instruments making up the contract of guaranty as pleaded by plaintiff, it appears that the defendants signed a form of guaranty which provided for the payment of the creditors in installments of a certain per cent. per month, on conditions that the creditors representing the majority of the indebtedness extend the time of payment as stated, and the time so stated became effective; that is no steps should be taken by the creditors to enforce their claims till the respective payments were due as stated, and upon the extension becoming operative, six notes were to be executed to the trustee by the debtor and the guarantors. This contract was valid upon the acceptance of the creditors and without notice to the guarantors, but the creditors saw fit to give notice of their acceptance and stated the conditions of their acceptance. They quote the amount and time of the payments as stated by defendants and then they say, "with the understanding that in default of any installment the debtor shall turn over to the trustee his properties to be managed and applied on any balance due." It would appear from the plain reading and meaning of the language used that the acceptance of the guaranty tendered was conditioned on the requirements stated after the words, "with the understanding," which required the defendants to guarantee that the property of the debtor would be turned over to the trustee in case of failure to pay any installment when due, and it also required them to accept the proposition that the trustee would manage the property and sell it and apply proceeds of sales to the indebtedness due before demanding payment of any unsatisfied balance from them, all of which made a material change in the contract, requiring acceptance on the part of defendants to make it effective, and since these conditions were not accepted they failed as a part of the contract, and since the guaranty was accepted "with the understanding" that these conditions were to be a part of the contract, and the defendants did not agree, the whole contract falls for the lack of mutual agreement as to the terms.

The rule is stated in Corpus Juris, vol. 28, page 898, as follows:

"It is essential to a contract of guaranty, as in cases of other contracts, that the parties mutually assent to the contract; that there be two or more parties capable of contracting, and that the contract be supported by a valuable consideration, as in the case of other contracts, in order to constitute a contract of guaranty, the minds of the parties must meet in the same sense on the same proposition; or as generally stated there must be mutual assent to the terms of the guaranty."

Elliott on Contracts, vol. 1, page 46, lays down the rule as follows:

"Not only must the acceptance be unconditional, but it must be identical with the

terms of the offer. It must not vary from the proposal by way of omission. addition, or alteration. If it does neither party is bound, where any new term is added, or where the offer is varied in any respect, then and in that event, the acceptance is not compete and there is no contract and neither party is bound."

There are many cases supporting the rule, some of which are as follows: Foster v. West Pub. Co., 77 Okla. 114, 186 Pac. 1083; Hart-Parr Co. v. Brackreide, 77 Okla. 277, 188 Pac. 113; Pante v. Fullerton, 46 Okla. 11, 148 Pac. 87; Atwood v. Rose, 32 Okla. 355, 122 Pac. 929; Davis v. Selby Oil & Gas Co., 35 Okla. 254, 128 Pac. 1083; Hoffman v. Maynaud, 93 Fed. Rep. 171; Standard Sewing Machine Co. v. Church et al. (N. D.) 92 N. W. 805; J. E. Taylor & Co. et al v. Empire Fixture Co. Inc., 273 Fed. 739; McFarlane v. Wadhams, 165 Fed. 987; William A. Carr v. Samuel H. Duval et al., 10 Law Ed. (U. S.) 361; Tilley v. County, 103 U. S. 155, 26 L. Ed. 374.

We must, therefore, hold that plaintiff pleaded himself out of court, and it was not error to sustain the demurrer and dismiss the action.

The judgment should be affirmed.

By the Court: It is so ordered.

Note.—See under (1, 2) 28 C. J. § 19.