## CONTINENTAL SUPPLY CO. v. SMITH et al.

No. 15967—Opinion Filed Nov. 17, 1925.

**1. Appeal and Error—Discretion of Trial Court—Permitting Filing of Pleadings Out of Time.**

To permit pleadings to be filed out of time is a matter very largely in the discretion of the trial court; and unless clear abuse of such discretion is shown, the Supreme Court will refuse to disturb a judgment because pleadings were permitted to be filed out of time.

**2. Guaranty—Essentials of Contract—Notice to Guarantor of Acceptance.**

Contracts of guaranty are subject to the rule that the minds of the contracting parties must meet upon the same matter, in the same sense. Where a party offers to guarantee payment of the joint account of two persons, to bind the guarantor it is necessary for the guarantee to notify the guarantor of the acceptance of the guaranty; and the account offered to be guaranteed must be against the same two persons for whom the guarantor offered to become bound.

**3. Judgment Sustained.**

Record examined, and held to require an affirmance of the judgment.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Stephens County; Eugene Rice, Special Judge.

Action by Continental Supply Company, a corporation, against Cecil H. Smith, J. D. Wade and Tom L. Wade. From the judgment, plaintiff appeals. Affirmed.

C. L. McArthur and W. C. Lewis, for the plaintiff in error.

E. H. Bond, for the defendants in error.

Opinion by SHACKELFORD, C. The plaintiff in error was plaintiff below, and the defendants in error were defendants. The parties will be referred to herein as plaintiff and defendants, as they appeared in the trial court.

The plaintiff brought action against Cecil H. Smith and J. D. Wade for debt due upon account for goods, wares, and merchandise alleged to have been sold and delivered to and accepted by said defendants. Tom L. Wade was sued as a guarantor upon the account. After the issues were drawn, a jury was impaneled to try the cause. At the close of plaintiff's evidence the court sustained a demurrer thereto as to Tom L. Wade and J. D. Wade, and directed the jury to return a verdict in favor of plaintiff and against Cecil H. Smith. Plaintiff appeals from the order and judgment of the court sustaining the demurrer of Tom L. Wade and J. D. Wade to the plaintiff's evidence.

The plaintiff presents two propositions for reversal of the judgment:

"(1) The court erred in overruling plaintiff's motion for judgment on the pleadings as against Cecil H. Smith and J. D. Wade, and in permitting J. D. Wade to answer out of time."

"(2) The court erred in sustaining the demurrer of J. D. Wade and Tom L. Wade to the plaintiff's evidence."

The plaintiff filed its petition on May 23, 1923, with an itemized statement of the alleged account against Cecil H. Smith and J. D. Wade attached. Neither the petition nor the itemized statement was verified. On July 24, 1923, defendants Cecil H. Smith

and J. D. Wade answered together by general denial. On the 20th of June, 1924, the plaintiff, by permission of the court, filed an amended verified petition with itemized statement of the account attached. The cause was called for trial on the 11th of July, 1924, and the plaintiff moved for judgment upon its verified petition as against defendants Cecil H. Smith and J. D. Wade. The court overruled the motion and permitted the defendant J. D. Wade to file answer to the plaintiff's amended petition instanter. The plaintiff excepted to the ruling of the court, and presents the matter here for reversal.

The answer of defendant J. D. Wade expressly denied any liability upon the plaintiff's account charged to "Smith and Wade," and expressly denied that he was the partner of Cecil H. Smith, and denied all connection with Smith in the matter of obtaining the goods, wares, and merchandise; and verified his answer. This answer was filed in advance of the trial. The filing of such an answer might well have justified a continuance of the case if the plaintiff had asked to continue it to make preparation to meet the issues tendered in Wade's answer that he was not the partner of Smith and had no business connecion with him in obtaining the goods charged upon the account. The plaintiff, however, did not ask to pass the case, but went to trial upon the issues made. To permit pleadings to be filed out of time, or to amend pleadings already filed, is a matter very largely in the discretion of the trial court; and unless there is a plain abuse of such discretion, the court here will refuse to disturb the judgment because pleadings were filed out of time or amended during the course of the trial. This seems to be the correct rule. Jones v. S. H. Kress & Co., 54 Okla. 194, 153 Pac. 655; Maston v. Glen Lumber Co., 65 Okla. 80, 163 Pac. 128; Mathews v. Sniggs, 75 Okla. 108, 182 Pac. 703. There seems to have been no abuse of discretion. If the plaintiff was not ready to try the tardily tendered issue, it had the right to continue the case to prepare to meet the issue.

Upon the second proposition, it is not urged in the argument that the court erred in sustaining the demurrer of J. D. Wade to the plaintiff's evidence. However, we have examined the evidence offered by the plaintiff as against J. D. Wade, and there seems to be an entire lack of evidence tending to show that J. D. Wade was the partner of Cecil H. Smith in the transaction, or in any way connected with Smith in buying the goods, or that he ever received any of the goods charged upon the account.

The plaintiff sought to hold Tom L. Wade as a guarantor. It appears that after plaintiff had furnished to Cecil H. Smith $1,200 or $1,400 worth of the goods upon account and had charged them to Smith and Wade, the plaintiff called on Smith for some sort of guaranty of payment. It seems to have been indicated by plaintiff that a guaranty from Tom L. Wade would be satisfactory; and it seems that plaintiff's manager gave to Smith a word formula which it would accept from Tom L. Wade as guaranty of payment. On July 29, 1922, Tom L. Wade addressed the following letter to the plaintiff's manager:

"July 29, 1922. P. J. Clarkson, Mgr., Continental Supply Co., Duncan, Okla. Dear Sir: I understand that you have sold Mr. Cecil H. Smith and J. D. Wade some $1,200 to $1,400 worth of supplies. I will guarantee this amount and an additional amount up to $2,500 in addition to the 2 inch pipe sold Mr. J. D. Wade. This will hold when you send me the purchase or sale slip you hold for about $1,800. Yours very truly, Tom L. Wade."

Just what is meant by the last sentence of this letter is not made plain, but it would appear that something was referred to as a "sale slip" held, apparently, as surety by plaintiff for the sum of approximately $1,800. In other words, it seems that Tom L. Wade understood that plaintiff was selling goods to Cecil H. Smith and J. D. Wade on account, and was holding the "sale slip," whatever it was, as surety or as a guaranty of payment up to $1,800. If the plaintiff was willing to send him the "sale slip," and accept him as guarantor on the account, he was willing to be bound for the goods already purchased by J. D. Wade and Cecil H. Smith, amounting to about $1,400, and an additional sum up to $2,500, as well as the personal account of J. D. Wade. In legal contemplation the letter above quoted amounted to an offer in writing to become guarantor of the Smith and Wade account; and would require a notification of acceptance by the plaintiff. The proposition made required something to be done on the part of the plaintiff, to wit, a delivery by plaintiff of the "sale slip" to the proposed guarantor, and acceptance of Tom L. Wade's offer in writing to be bound for the Smith and Wade account within the limit named as to the amount. It appears from the evidence that the matter was discussed between Smith and plaintiff's manager, and the "sale slip" was turned over to Smith, who kept it in his desk for a considerable time, until the plaintiff called for it for the purpose of delivering it to Tom L. Wade, and after the manager got it back he registered it to

Wade. This was done, it seems, about October 14, 1922. This seems to have been the first notice that Tom L. Wade had that his proposition to guarantee the payment of the account of Smith and Wade would be accepted by the plaintiff. Practically all, if not all, of the goods charged on the account had been furnished at the time Wade was so notified. It seems from the foregoing that Tom L. Wade in his letter offered to guarantee payment for goods sold to Smith and Wade, within certain limits, upon condition that certain security held by plaintiff be turned over to him to indemnify him. Two things were important to bind Tom L. Wade. One is that Tom L. Wade be notified that his proposition was accepted and the "sale slip" be delivered to him to hold to indemnify himself; and the second is that the goods be sold to Smith and Wade. Tom L. Wade might not have been willing to guarantee payment of Smith's account. It seems from, the evidence that neither condition was met by the plaintiff. There was no notification of Wade that his proposition was accepted by turning over to him the "sale slip" until after the obligation of Smith had been created; and the goods were not sold to Smith and Wade, but were sold to Smith. There seems to have been no obligation whatever on the part of J. D. Wade. It seems that contracts of guaranty are like other contracts, in that the minds of guarantor and guarantee must meet upon the same proposition and in the same sense. Mutual assent to the terms of the guaranty is necessary. Oehler v. Cawley, 105 Okla. 59, 231 Pac. 539. There was an entire lack of evidence that plaintiff had accepted the guaranty of Tom L. Wade until the indebtedness had been created by Cecil H. Smith. We have seen that there was no evidence that J. D. Wade was in any manner bound by the plaintiff's claim. The court sustained the demurrer of Tom L. Wade to the plaintiff's evidence on the theory that plaintiff's evidence failed to show that it had accepted the guaranty of Tom L. Wade. This was a sufficient reason; but it was not all the reason, and perhaps not the better of the two apparent reasons. The demurrer was properly sustained for the additional reason that Tom L. Wade offered to guarantee the account of Cecil H. Smith and J. D. Wade; and the plaintiff's own evidence shows that J. D. Wade owed no part of the account. To bind Tom L. Wade it was necessary for the plaintiff to establish that the guaranty was accepted by it, and that the goods charged upon the account were a legal and binding charge against both Cecil H. Smith and J. D. Wade, the parties Tom L. Wade was proposing to stand good for. The evidence failed upon both propositions. The demurrer was properly sustained.

The judgment is affirmed.

By the Court: It is so ordered.

Note:—See under (1) 4 C. J. p. 802, §2764 (Anno); 31 Cyc. p. 597; 2 R. C. L. p. 211; 1 R. C. L. Supp. p. 449; 4 R. C. L. Supp. p. 93. (2) 28 C. J. pp. 898, §19; 902, §21. (3) 28 C. J. pp. 1025, §194; 1030, 1031, §201; anno. 16 L. R. A. (N. S.) 353; 33 L. R. A. (N. S.) 690; 48 L. R. A. (N. S.) 198; 12 R. C. L. p. 1069; 2 R. C. L. Supp. p. 1540.