**Patricia DAVIS, Appellant,**

v.

**OKLAHOMA EMPLOYMENT SECURITY COMMISSION, Board of Review of Oklahoma Employment Security Commission and Morrison, Inc., Appellees.**

**No. 73451.**

Released for Publication by Order of the Court of Appeals of Oklahoma, Division No. 3.

Court of Appeals of Oklahoma, Division No. 3.

April 9, 1991.

Rehearing Denied May 20, 1991.

Certiorari Denied Oct. 1, 1991.

Travis Smith, and, Gary A. Taylor, Oklahoma City, for appellant.

David T. Hopper, Oklahoma City, for appellee.

MEMORANDUM OPINION

GARRETT, Presiding Judge:

This is an appeal from a district court order dismissing Appellant's appeal from a

decision of the Board of Review of the Oklahoma Employment Security Commission (OESC).

Appellant was fired from her job in December, 1988 and applied for unemployment benefits. OESC denied her application for benefits based upon a finding that she was fired for misconduct. Appellant appealed the decision to the Appeals Tribunal of OESC, which affirmed OESC's decision. Appellant appealed to the Board of Review (Board) of OESC, which affirmed the decision of the Appeals Tribunal.

Thirty days later, Appellant filed a petition in district court for judicial review of the Board's decision. OESC filed for dismissal of Appellant's case because the petition had not been filed within ten days of the Board's decision as required by 40 O.S.1981 § 2–610.

Appellant responded that she had urged her attorney to appeal the Board's decision and was not responsible for his late filing. She stated that her attorney mistakenly thought that Appellant had thirty days within which to file her petition for review in district court and requested that his mistake be considered as "good cause" sufficient to waive the ten-day filing requirement as provided in 40 O.S.Supp.1983 § 2–614. The trial court dismissed Appellant's petition and this appeal followed.

On appeal, Appellant alleges the trial court erred in failing to find that her attorney's mistake constituted "good cause" sufficient to justify waiver of the ten-day filing requirement of Section 2–610.

40 O.S.1981 § 2–610 presents the means by which a party appealing a decision of the Board may obtain judicial review by a trial court. The time for appeal is within ten days of the decision by the Board. However, 40 O.S.Supp.1983 § 2–614 allows waiver of the ten-day time period for "good cause shown". We do not find any statute or case law defining "good cause shown", as applicable here. The parties have not called our attention to any such statute or court decision. Whether the term, "good cause shown" must be narrowly or broadly applied, is a matter of public policy.

The Employment Security Act of 1980, (Act), 40 O.S.1981 §§ 1–101, et seq., became effective July 1, 1980. Section 1–103, "Declaration of State Public Policy", is as follows:

*As a guide to the interpretation and application of this act, the public policy of this state is declared to be as follows: Economic insecurity due to unemployment is a serious menace to the health, morals, and welfare of the people of this state.* Unemployment is therefore a subject of general interest and concern which requires appropriate action by the Legislature to prevent its spread and to lighten its burden which now so often falls with crushing force upon the unemployed worker and his family. *The achievement of social security requires protection against this greatest hazard of our economic life. This objective can be furthered by* operating free public employment offices in affiliation with nationwide system of employment services, by devising appropriate methods for reducing the volume of unemployment and by *the systematic accumulation of funds during periods of employment, thus maintaining purchasing power and limiting the serious social consequences of unemployment.* The Legislature, therefore, declares that in its considered judgment the public good, and *the general welfare of the citizens of this state require* the enactment of this measure, under the police power of the state for the establishment and maintenance of free public employment offices and for *the compulsory setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own.* (Emphasis supplied.)

In *Tynes v. Uniroyal Tire Co.,* 679 P.2d 1310 (Okl.App.1984), the Court of Appeals cited Section 1–103 and *Boynton Cab Co. v. Neubeck,* 237 Wis. 249, 296 N.W. 636 (1941) in giving the Act a construction which would be favorable to applicants. Incidentally, prior to the adoption of the Act in 1980, the Employment Security Act of 1971 had no provision by which the untimely filing of an appeal could be

waived for good cause, and strict construction was then the rule.

In *Vester v. Board of Review of Oklahoma Employment Security Commission*, 697 P.2d 533 (Okl.1985), the Supreme Court, in effect, approved and applied the principles of law set forth in *Tynes*. The Court said: (697 P.2d at p. 537)

> The stated purpose of unemployment compensation legislation, as set forth specifically in the Oklahoma law and as noted in most of the cases adopting the definition of misconduct from *Boynton Cab*, is to provide some form of relief to those unemployed through no fault of their own.

We will not attempt to adopt a comprehensive definition of the phrase "good cause shown" as used in § 2–614. Each case must be decided on its own merits. In the case being considered, the filing of the appeal out of time happened because the attorney made a mistake, and it was not due to any fault of Appellant. In fact, Appellant tried to get it filed earlier. The delay was not an unreasonable period of time. Appellee has not shown that it would be prejudiced by waiving the 10–day time period. Under the facts of this case, allowing the appeal would be in accord with public policy considerations of § 1–103, and the *Vester* and *Tynes* court decisions. While Appellant may or may not ultimately prevail, it is obvious that she would be prejudiced, without fault, by denying her appeal.

We find that good cause to waive the 10–day rule was shown as a matter of law. The trial court's order dismissing the appeal should be and is vacated and set aside.

REVERSED AND REMANDED for further proceedings.

HANSEN, J., concurs.

HUNTER, C.J., dissents with separate opinion.

HUNTER, Chief Judge, dissenting:

I cannot agree with the majority opinion which finds the negligence of Appellant's attorney to be "good cause" sufficient to justify waiver of the ten-day filing requirement of 40 O.S.1981 § 2–610. Neither can I agree that, under the circumstances, the trial court abused its discretion in refusing to accept the attorney's negligence as "good cause".

The refusal to allow a pleading to be filed out of time will be disturbed only in a case of a clear abuse of discretion and an abuse of discretion by the trial court will not be presumed on appeal. *Oklahoma Gas & Electric Co. v. Chez*, 527 P.2d 165 (Okl.1974); *Continental Supply Co. v. Smith*, 115 Okl. 46, 241 P. 770 (1925). To reverse a trial court on the ground of abuse of discretion it must be found that the trial judge made a clearly erroneous conclusion and judgment, against reason and evidence. *In re Crane's Estate*, 201 Okl. 354, 206 P.2d 726 (1949); *Abel v. Tisdale*, 619 P.2d 608 (Okl.1980).

Appellant's reliance on *American Bank of Commerce v. Chavis*, 651 P.2d 1321 (Okl.1982), is misplaced. That opinion affirmed the trial court's exercise of discretion in vacating a default judgment. Appellant here is not seeking the vacation of a default judgment. She has had two due process hearings. She now alleges that the trial court abused its discretion in not excusing her attorney's neglect. In *American Bank of Commerce*, there is this language:

> This Court has repeatedly held that the negligence of an attorney while representing his client is imputed to the client and constitutes negligence of the client, and accordingly does not constitute unavoidable casualty and misfortune, justifying the vacation of a judgment. p. 1323
>
> Notwithstanding expressions in some of the earlier cases which appear to hold to the contrary, we reiterate the holding of a majority of the Oklahoma cases on this subject, that the negligence of an attorney committed within the course of his employment as an attorney is imputed to the client and constitutes negligence of the client..... Any expressions in the earlier cases to the contrary are overruled. pp. 1323, 1324.

We are mindful that an attorney's negligence in such matters as filing timely pleadings or docketing court appearance if too readily excused encourages shoddy law practice and rewards the negligent at the expense of the vigilant. We are also aware that such negligence, if too generously excused, is a potential device for delaying unduly the trial of a case. p. 1324.

The majority opinion substitutes its decision for that of the trial court without any finding that the trial court abused its discretion. This is not the proper standard of review for this Court. I find no evidence that the trial court abused its discretion in this case and would Affirm the dismissal order.