**Claude C. WILLIAMS, Appellant,**

v.

**OKLAHOMA EMPLOYMENT SECURITY COMMISSION, the Board of Review for the Oklahoma Employment Security Commission, and the Appeal Tribunal for the Oklahoma Employment Security Commission, Appellees.**

No. 82387.

Court of Appeals of Oklahoma, Division No. 1.

May 2, 1995.

Rehearing Denied June 6, 1995.

---

**3.** *See, e.g., United States v. United Mine Workers of America,* 330 U.S. 258, 303–304, 67 S.Ct. 677, 701–702, 91 L.Ed. 884 (1947).

David J. Batton, Norman, for appellant.

Cara S. Nicklas, Oklahoma City, for appellees.

## MEMORANDUM OPINION

CARL B. JONES, Judge:

Appellant Claude Williams made a claim for unemployment benefits after he was discharged from his job as a mail carrier for the United States Postal Service. The Postal Service objected to his claim, asserting Appellant had been discharged for misconduct connected with his work. The Oklahoma Employment Security Commission ["Commission"] agreed and denied Appellant's claim. Appellant unsuccessfully sought re-. versal of that decision by proceedings before the Commission's Appeal Tribunal and Board of Review.

On July 19, 1991, within the time provided by 40 O.S.1991 § 2–610(1),[1] Appellant filed a "petition of review" in the trial court against the Commission, the Appeal Tribunal, and the Board of Review. The Commission entered a special appearance and requested dismissal of Appellant's petition because Appellant neglected to name the Postal Service

---

1. "Within the ten (10) days after the day a notice of decision of the Board of Review is mailed to the parties, the Commission, or any party to the proceedings before the Board of Review, may obtain judicial review thereof by filing in the district court of the county in which the claimant resides ... a petition for review of such decision, against the Board of Review. In such petition for review all other parties to the proceeding before the Board of Review and the Commission shall be made codefendants.... The Board of Review shall forthwith send by mail to each other party to the proceeding a copy of such petition, and such mailing shall be deemed to be service upon all such parties...."

as a defendant. Appellant responded that all § 2–610 required was timely commencement of an appeal against the Board of Review. Appellant also argued that since the Board had notified the Postal Service of his petition for review there could not be any prejudice from his omission to name it as a party.

On July 31, 1992—over a year after Appellant had filed his petition for review, and in the absence of any ruling from the trial court on the Commission's jurisdictional challenge—Appellant, through legal counsel, filed a motion to join the Postal Service as a "necessary party," pleading inadvertence due to his *pro se* status.

By supplemental brief, the Commission offered this Court's decision in *District Court v. Board of Review,* 849 P.2d 1102 (Okla.App. 1993), as authority for denying Appellant's motion to amend. Appellant responded that the Postal Service was only a "nominal party" because the Board of Review has responsibility to answer on its behalf. The trial court denied the motion to amend and dismissed Appellant's petition for review for lack of jurisdiction.

■ We are concerned here with the proper effect to be given to § 2–610(1), which provides that one may obtain judicial review of proceedings before the Board of Review "by filing ... a petition for review ... against the Board of Review," and in the next sentence expressly states that "[A]ll parties to the proceeding before the Board of Review and the Commission shall be made codefendants." Appellant reads the first phrase as making only the Board of Review a "necessary party," while the Commission urges us to accept the specific wording of the second sentence.

Appellant's view of necessary and nominal parties is contrary to the Supreme Court's opinion in *Edmondson v. Siegfried Insurance Agency, Inc.,* 577 P.2d 72 (Okla.1978). The court in that case construed the nearly identical predecessor to § 2–610(1),[2] and stated:

The judicial review provided by the cited statute is limited to questions of law if the appealed decision is supported by evidence and no fraud exists. It is a special proceeding and the procedural requirements are mandatory. The Oklahoma Employment Security Commission and the Board of Review of that Commission, and any other parties to the proceeding before the Board of Review, are necessary parties and failure by a plaintiff seeking judicial review of a decision by the Board of Review to name necessary parties as defendants in a timely commenced proceeding in the district court is jurisdictional.

. . . . .

* * * The terms of the statute must be complied with before a court can acquire jurisdiction. Necessary parties are clearly indicated and our decision is that the Court does not acquire jurisdiction unless the action is timely brought and all necessary parties are named.

*Edmondson,* 577 P.2d at 73–74.

*Edmondson* is distinguishable on its facts because the claimant in that case had omitted the Board of Review itself. As the court noted, the Board was charged with filing a certified record of the proceedings along with its answer, so failing to name the Board meant there would be no appellate record. *Id.,* 577 P.2d at 74.

The Court of Appeals has twice applied *Edmondson.* In *District Court v. Board of Review, supra,* the court upheld dismissal of an employer's petition for review for failure to name the claimant, and extended the rationale of *Edmondson* to affirm denial of the employer's motion to amend. In *Taylor v. State ex rel. Oklahoma Employment Security Comm'n,* 867 P.2d 490 (Okla.App.1993), the court reversed a trial court decision based on an untimely amended petition for review. The court rejected the claimant's contention that service of the petition and

---

**2.** 40 O.S.Supp.1976 § 216(d)(7) provided that judicial review of proceedings before the Board of Review could be had by filing "a petition for review of such decision, against the Board of Review, in which action any other parties to the proceeding before the Board of Review, including the Commission, shall be made codefendants."

summons on the Board of Review (not named as a defendant in the original petition) was sufficient. *Id.,* 867 P.2d at 492.

The unemployment benefits statutes do not define the word "party," but it is clear that the Postal Service was a party to the proceedings before the Board of Review, contrary to the assertions made in the dissent. Additionally, the Postal Service must have filed an objection to Appellant's claim in order to tender the issue of disqualification for misconduct. 40 O.S.1991 § 2–503(5). We also note the Appeal Tribunal decision (the only portion of the unemployment claim proceedings in the record) lists the Postal Service in its caption. Appellant *does not contend* that the Postal Service **was not a party** to the Board of Review proceedings, but merely suggests it was not a *necessary* party.

When the Legislature re-enacted the Employment Security Act in 1980, the judicial review section—which formerly stated that parties before the Board of Review must be made codefendants "in [the] *action*"—was changed to require that all parties before the Board of Review must be made codefendants "[i]n [the] petition for review." *Compare* 40 O.S.1991 § 2–610(1) *and* 40 O.S.Supp.1976 § 216(d)(7) [*repealed* ]. The change in wording and syntax of the statute reinforces the Supreme Court's conclusion in *Edmondson* that all parties to the proceedings before the Board of Review must be named in the petition for review, and that omission of any party from the petition creates a fatal jurisdictional defect.

■ Furthermore, we agree with the reasoning of *District Court v. Board of Review* and *Taylor v. State ex rel. Oklahoma Employment Security Comm'n,* that to permit amendment of a petition for review beyond the time for appeal would contravene the express statutory requirement that a petition for review must be filed within ten days after notice of the Board of Review's decision. Judicial review of a decision of the Board of Review is a special judicial proceeding; the procedural requirements of § 2–610(1) are mandatory. *Edmondson,* 577 P.2d at 73.

■ Finally, we reject any suggestion that Appellant's attempt to amend his petition for review is allowed by the "good cause" exception in 40 O.S.1991 § 2–614. The Court of Appeals has previously allowed untimely filing of a petition for review when the claimant's attorney mistakenly believed he had thirty days after a Board of Review decision to file a petition for review. *Davis v. Oklahoma Employment Security Comm'n,* 817 P.2d 741, 743 (Okla.App.1991), *cert. denied; but see id.,* 817 P.2d at 743–44 (Hunter, C.J., dissenting). We find no basis for bringing this case within the scope of the limited holding of *Davis.* Appellant did not seek to amend his petition for review until over a year after he had filed the original (and only then, it seems, because he had retained counsel to represent him).

The trial court correctly dismissed Appellant's petition for review for lack of jurisdiction, and also correctly denied Appellant's motion to amend the petition. The trial court judgment is therefore affirmed.

AFFIRMED.

JOPLIN, J., concurs.

HANSEN, P.J., dissents with separate opinion.

HANSEN, Presiding Judge, dissenting.

I dissent. The majority states that "... it is clear that the Postal Service was a party to the proceedings before the Board of Review." However, this is a bold assumption, because the record on appeal does not contain any evidence the Postal Service was ever a party. Moreover, the record contains neither a transcript nor any other documentation of administrative proceedings. In fact, Commission's order itself reflects the Postal Service did not appear.

Pursuant to § 2–610, Employer would be a necessary party if it were a party to the proceeding before the Board. The only specifically named necessary parties provided by statute are the Board and OESC. Whenever a party fails to name either of these, the district court is without jurisdiction to review the decision. Section 2–610 does not require the employer to be made a party, unless it was a party below.

In its objection to jurisdiction and its objection to amendment and joinder of a necessary party, OESC does not claim Employer

was a party to the proceedings below, nor does it attach any documentation to its motion which would show Employer had been a party. This Court, therefore, should not assume, without more, Employer had been a party before the Board. I do not find where Employer stood in such a position; the record on appeal does not supply this Court with any information concerning whether Employer was a party to the proceeding before the Board. Thus, there is no information which indicates Employer is a necessary party.

Moreover, a proponent of a motion to dismiss for failure to join a necessary party has the burden of producing evidence showing the nature of the interest possessed by the absent party and that protection of that interest will be impaired by the absence. *Citizen Band Potawatomi Indian Tribe of Oklahoma v. Collier,* 17 F.3d 1292 (10th Cir.1994).

For the above stated reasons, it is my opinion Commission did not meet its burden on the record before us. The trial court erred in ruling it lacked jurisdiction. I believe the trial court's decision should be REVERSED.