2010 OK CIV APP 29

Alvis C. **HIGGINS**, Plaintiff/Appellant,

v.

**STATE** of Oklahoma, Defendant/Appellee.

No. 106,529.

Court of Civil Appeals of Oklahoma, Division No. 3.

Jan. 8, 2010.

Rehearing Denied Feb. 22, 2010.

Alvis C. Higgins, Lexington, OK, pro se.

Matney M. Ellis, Assistant District Attorney, Tulsa, OK, for Appellee, State of Oklahoma,

Jimmy Bunn, Jr., Oklahoma City, OK, for Oklahoma State Bureau of Investigation.

LARRY JOPLIN, Judge.

¶1 Plaintiff/Appellant Alvin C. Higgins (Higgins) seeks review of the trial court's order denying his motion to expunge criminal records. In this appeal, Higgins asserts the trial court erred in denying his Petition for Writ of Habeas Corpus Ad Testificandum, and denying his motion to expunge in his absence, despite his entitlement to relief under 22 O.S. §§ 18 and 19.

¶2 Higgins was arrested and charged in two cases. In case CF–2000–5424, filed October 3, 2000, State charged him with three counts of rape in the first degree, two counts of lewd molestation, and one count of sexual battery. In case CF–2000–6050, filed November 3, 2000, State charged him with three counts of lewd molestation.

¶3 Upon trial in July 2002, a jury acquitted Higgins on the three counts of rape, but convicted him of two counts of lewd molestation and one count of sexual battery, and he was sentenced to forty-five years incarceration. On January 24, 2003, the trial court dismissed all counts of the second case on "State's motion to dismiss cases[,] costs to state[,] due to insufficient evidence."

¶4 In June 2007, Higgins—then incarcerated at Joseph Harp Correctional Center (JHCC)—filed his motion to expunge the records of the three counts of rape (for which he was acquitted), and the three counts of lewd molestation (which State dismissed). In his motion, Higgins requested an order for him to appear at hearing, and he agreed to pay the costs of his transportation.

¶5 On May 7, 2008, Higgins filed his Petition for Writ of Habeas Corpus Ad Testificandum and Motion to Set for Hearing. By letter dated May 21, and addressed to Higgins at JHCC, Judge McAllister advised Higgins:

> Please comply with 22 O.S. § 19 by notifying the arresting agency and the Oklahoma State Bureau of Investigation along with the District Attorney's Office of the filing of your petition and of the Court date of August 19, 2008. All agencies must receive a minimum 30 days notice.

> Your attendance is not required[.][Y]ou should prepare a proposed order and circulate it for signatures and then forward it to the Court.

¶6 The District Attorney for Tulsa County and the Oklahoma State Bureau of Investigation entered appearances and objected to expungement. Higgins objected to denial of his requests to appear at hearing, and filed a reply to the objections to expungement.

¶7 By minute order dated August 19, the trial court (by Judge Thornbrugh) denied Higgins's motion to expunge. Higgins then filed a motion to clarify, challenging the trial court's failure to expressly deny his requests to appear.

¶8 On August 26, 2008, Higgins filed a Notice of Intent to Appeal in the trial court and certified the mailing of the notice to the Tulsa Police Department, the Tulsa County District Attorney and the OSBI. On September 2, 2008, Higgins filed his Designation of Record in the trial court. On November 18, 2008, Higgins filed his "Appeal from District Court Denial of Motion to Expunge Record

and Brief in Support" with the Supreme Court Clerk to commence the instant proceeding. On December 15, 2008, the Tulsa County District Attorney filed its answer brief in this appeal.

¶ 9 In April 2009, the trial court filed its "Memorialization of the Court's Order of August 19," and Higgins filed an amended Petition in Error. On June 17, 2009, the Supreme Court assigned the case to the Court of Civil Appeals.

¶ 10 On July 8, 2009, the OSBI entered a special appearance and motion to dismiss appeal, asserting Higgins's fatal failure to name or join OSBI as an appellate necessary party and to notify OSBI of the commencement of this appeal. Higgins responded, arguing the record showed that OSBI received notice of and participated in the trial court proceedings, and, he mailed a copy of a Notice of Intent to Appeal, filed in the trial court, to the OSBI.

### I. Expungement under 22 O.S. §§ 18 and 19

¶ 11 Section 18(A) of title 22, O.S.2001, authorizes the filing of a motion or petition for expungement of criminal records by a criminal defendant where, *inter alia*, "[t]he person has been acquitted," or "[t]he person was arrested and no charges of any type, ... are filed or charges are dismissed within one (1) year of the arrest, or all charges are dismissed on the merits." 22 O.S. § 18(A)(1), (5). "Upon a finding that the harm to privacy of the person in interest or dangers of unwarranted adverse consequences outweigh the public interest in retaining the records, the court *may* order such records ... to be sealed." 22 O.S. § 19(C). (Emphasis added.)

¶ 12 "To assess what the ends of justice require, the court [must] balance the harm to privacy or other unwarranted adverse consequences to the individual against the public interest in the records." *State v. McMahon,* 1998 OK CIV APP 103, ¶ 10, 959 P.2d 607, 608; *Buechler v. State,* 2008 OK CIV APP 1, ¶ 13, 175 P.3d 966, 971. By use of the word, "may," § 19(C) clearly grants the trial court the discretion to grant or deny expungement, or to "fashion a remedy of limited access."

*McMahon,* 1998 OK CIV APP 103, ¶ 10, 959 P.2d at 608.

¶ 13 Pursuant to § 19(C), "[a]ny order entered pursuant to this subsection may be appealed by the petitioner, the district attorney, the arresting agency, or the Oklahoma State Bureau of Investigation to the Oklahoma Supreme Court in accordance with the rules of the Oklahoma Supreme Court." Moreover:

> *In all such appeals, the Oklahoma State Bureau of Investigation is a necessary party and must be given notice of the appellate proceedings.*

*Id.* (Emphasis added.)

### II. Review of Orders for Expungement

¶ 14 Prior to 1999, orders entered under § 19 were subject to review as a civil appeal. *See, In re Adoption of Supreme Court Rules for Expungement of Records,* 2005 OK 32, ¶ 1, 120 P.3d 861; *McMahon,* 1998 OK CIV APP 103, ¶ 10, 959 P.2d at 609, fn. 1. Effective November 1, 1999, however, the legislature directed review of orders entered under § 19 by the Oklahoma Court of Criminal Appeals. 22 O.S. Supp.1999 § 19; *In re Adoption of Supreme Court Rules for Expungement of Records,* 2005 OK 32, ¶ 2, 120 P.3d at 861; *Hoover v. State,* 2001 OK CR 16, 29 P.3d 591. In the 2002 session, the legislature amended § 19 to require review of expungement orders by the Oklahoma Supreme Court. 22 O.S. Supp.2002 § 19(C); *In re Adoption of Rules,* 2005 OK 32, ¶ 3, 120 P.3d at 861. Consequently, the instant appeal has been assigned to this Court for review.

### III. Timely Filing and Necessary Parties

¶ 15 As we have observed, in an appeal from an expungement order, "the Oklahoma State Bureau of Investigation is a necessary party and must be given notice of the appellate proceedings." 22 O.S. § 19(C). In its special appearance/motion to dismiss, OSBI asserts Higgins did not timely file this appeal, or notify them of this appeal, or ever name the "Oklahoma State Bureau of Investigation" as a party to this appeal.

¶ 16 Determination of OSBI's motion to dismiss requires a construction of § 19. "The primary goal of statutory construction is to ascertain and follow the intent of the legislature." *Stump v. Cheek*, 2007 OK 97, ¶ 9, 179 P.3d 606, 609. "The words of a statute will be given their plain and ordinary meaning unless it is contrary to the purpose and intent of the statute when considered as a whole." *Id.* "[W]e must consider relevant portions together" to "render every part operative." *Samson Hydrocarbons Co. v. Oklahoma Tax Com'n*, 1998 OK 82, ¶ 7, 976 P.2d 532, 537–538; *Comer v. Preferred Risk Mut. Ins. Co.*, 1999 OK 86, ¶ 19, 991 P.2d 1006, 1015, fn. 35.

### A. Timely Filing

■ ¶ 17 "Appellate review is commenced by a petition in error filed within thirty days of the judgment or final order date." *Tinker Inv. & Mortg. Corp. v. City of Midwest City*, 1994 OK 41, ¶ 9, 873 P.2d 1029, 1036. "Timely commencement is jurisdictional[,] [and] [f]ailure to file an appeal within the statutory time is fatal...." *Id.* The thirty-day period in which to file a petition in error begins on the date the judgment or order memorializing the appealed decision is filed in the trial court. 12 O.S. §§ 696.2, 696.3, 990A.

■ ¶ 18 In the present case, Higgins attempted to commence the instant action by filing his "Appeal" in November 2008, *before* filing of the final appealable order memorializing denial of his motion to expunge. Within thirty days after the filing of the final appealable order in April 2009, Higgins filed an amended Petition in Error to include the final appealable order. Higgins timely commenced the instant appeal.

¶ 19 That said, we need not address the notice issue. The issue of appellate joinder is dispositive in this proceeding.

### B. Necessary Parties

■ ¶ 20 "Necessary parties are those who are necessary to a determination of the entire controversy." 59 Am.Jur.2d, Parties, § 10. " '[N]ecessary parties are defined as those without whom no decree at all can be effectively made.' " *First Nat. Bank of Enid v. Clark*, 1965 OK 71, ¶ 12, 402 P.2d 248, 250. (Citation omitted.) " 'When a necessary or an indispensable party is omitted, the court cannot, as a rule, assume jurisdiction.' " *Id.*

■ ¶ 21 The legislature has, on at least one other notable occasion, designated a state board or commission as a necessary party in an appeal:

> Within the ten (10) days after the day a notice of decision of the Board of Review is mailed to the parties, the Oklahoma Employment Security Commission, or any party to the proceedings before the Board of Review, may obtain judicial review thereof by filing in the district court of the county in which the claimant resides, or if the claimant is not a resident of the State of Oklahoma then in the district court of Oklahoma County, a petition for review of such decision, against the Board of Review. In such petition for review all other parties to the proceeding before the Board of Review and the Commission shall be made codefendants....

40 O.S. § 2–610(1). This statute requires the Oklahoma Employment Security Commission to be named as an appellate party in any proceeding for review of a decision of its Board of Review, and "[w]hen the ten-day appeal period provided in 40 O.S. § 2–610 has run *without all necessary parties being named,* the district court is without jurisdiction." *Oklahoma Employment Sec. Com'n v. Carter*, 1995 OK 74, ¶ 13, 903 P.2d 868, 871. (Emphasis added.) Furthermore, after the time for commencement of the appeal has passed, omitted necessary parties may not ordinarily be added by amendment to the petition for review. *Williams v. Oklahoma Employment Sec. Comm'n*, 1995 OK CIV APP 66, ¶ 11, 898 P.2d 1320, 1323. See also, Ok.S.Ct.R. 1.26(a), 12 O.S.2001, Ch. 15, App. 1.[1]

¶ 22 Section 19(C) directs an appeal of an expungement order "to the Oklahoma Supreme Court in accordance with the rules of the Oklahoma Supreme Court," and, "[i]n all

---

1. "An amendment to a petition in error may not add non-nominal parties appellee or appellant after expiration of the time for commencing an appeal."

such appeals, the Oklahoma State Bureau of Investigation is a necessary party and must be given notice of the appellate proceedings." Section 19(C) clearly mandates joinder of the OSBI as a necessary party on appeal, and the failure to name the OSBI constitutes a jurisdictional flaw which may not be cured by amendment after the time to appeal has expired.

¶ 23 Higgins never named OSBI as an appellate party in his initial filing or in his amended Petition in Error. Notwithstanding the entry of appearance by the Tulsa County District Attorney, Higgins's failure to name OSBI, a necessary appellate party, divests this Court of appellate jurisdiction to review Higgins's complaints.

¶ 24 This appeal is therefore DISMISSED.

BELL, V.C.J., and MITCHELL, J., concur.