OSCN Found Document:POINTS v. STATE

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 POINTS v. STATE
2014 OK CIV APP 27
Case Number: 111326
Decided: 02/14/2014
Mandate Issued: 03/14/2014
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2014 OK CIV APP 27, __ P.3d __

WILLIE RAY POINTS, Petitioner/Appellant,
v.
THE STATE OF 
OKLAHOMA, Respondent/Appellee.

APPEAL FROM THE DISTRICT COURT OF
OKLAHOMA COUNTY, 
OKLAHOMA
HONORABLE BILL GRAVES, JUDGE

AFFIRMED

Brian Jones, ATKINS AND MARKOFF LAW FIRM, Oklahoma City, Oklahoma, for 
Petitioner/Appellant,
David A Cincotta, ASSISTANT DISTRICT ATTORNEY, Oklahoma 
City, Oklahoma, and
Kenneth Jordan, MUNICIPAL COUNSELOR, Laura Calvery, 
ASSISTANT MUNICIPAL COUNSELOR, Oklahoma City, Oklahoma, for 
Respondent/Appellee.


Kenneth L. Buettner, Judge:
¶1 Petitioner/Appellant Willie Ray Points appeals the trial court's denial of 
his petition to expunge an arrest from his record. We find no abuse of 
discretion in the trial court's denial of expungement and affirm.
¶2 Points filed his Petition for Expungement and Sealing of Records June 14, 
2012. He sought expungement of an arrest record under 22 O.S.2011 §18(5), which allowed 
expungement where a person was arrested but the charge was dismissed within a 
year.[1] Points 
asserted the damage to his privacy and the adverse consequences of the charge 
outweighed the public's interest in the charge being public.
¶3 The Oklahoma County District Attorney and the Oklahoma City Municipal 
Counselor opposed the petition. The DA conceded the charge and dismissal in 
1993-1994 fit within the parameters of §18(5). However, the DA asserted Points 
had since then been arrested and charged with indecent exposure in a 1998 
incident. The DA noted that Points entered a guilty plea September 22, 1998 and 
received a five year suspended sentence, and as a result was required to 
register as a sex offender. The DA alleged Points was also arrested "for a 
morals/decency crime" in December 1976. The DA urged that 22 O.S.2011 §19 requires the court 
to weigh the public's interest in the information against the petitioner's 
privacy interest in deciding whether to expunge a record. The DA argued Points's 
other charges and guilty plea showed that the public's interest in the record 
outweighed any harm to Points.
¶4 Following a hearing, the trial court entered its Order Denying (Points's) 
Petition for Expungement and Sealing of Records November 20, 2012. The court 
found that the risk of harm to Points did not outweigh the public's interest in 
retaining the records.
¶5 Points appeals. Points contends that because the facts are undisputed, we 
must review the trial court's decision de novo, citing Olson v. 
State, 2012 OK CIV APP 85, 
286 P.3d 296 and Buechler v. 
State, 2008 OK CIV APP 1, ¶ 
5, 175 P.3d 966. The State 
counters that those cases show that where the facts are undisputed and the 
question on appeal is the interpretation of the statute, then a question of law 
is presented and de novo is the proper review standard, but that the 
decision whether to expunge a record is left to the trial court's discretion, 
citing Higgins v. State, 2010 
OK CIV APP 29, ¶ 12, 231 P.3d 
757. Title 22 O.S.2011 §19(C) 
provides that where the statutory grounds for expungement are shown, the trial 
court may grant relief. We agree with Higgins that where the facts 
are undisputed, the trial court has discretion whether to expunge a record.
¶6 The "purpose of ... Oklahoma's expungement statutes 'is to afford special 
relief in the form of a full or partial sealing of records relating to a 
person's involvement or suspected involvement in a crime. It is clearly intended 
to aid those who are acquitted, exonerated, or who otherwise deserve a second 
chance at a "clean record."'" Buechler, supra, at ¶ 6, quoting State 
of Okla. v. McMahon, 1998 OK CIV 
APP 103, ¶ 9, 959 P.2d 607, 
609. By showing that his 1993 charge was dismissed within a year and he had not 
previously sought expungement, Points made a prima facie showing of harm 
from the record being public and entitlement to a presumption that expungement 
was warranted, unless the State was able to overcome that presumption. 
Beuchler, supra, at ¶ 8. Once a petitioner has shown that he qualifies 
for expungement under one of the categories in §18, the burden shifts to the 
State to show that keeping the records public does not harm the petitioner's 
privacy interests and would serve the ends of justice.[2] Hoover v. State, 2001 OK CR 16, ¶ 6, 29 P.3d 591.
¶7 In this case, the State notes Points failed to present either a transcript 
or a narrative statement of the hearing. Points contends that no evidence was 
presented at the hearing and that the parties simply repeated the arguments made 
in their pleadings. The record presented shows that the trial court could have 
reasonably found that the public interest outweighed the danger of adverse 
consequences to Points because he later pleaded guilty after another arrest for 
indecent exposure and because he was arrested in 1976 for a "morals/decency" 
charge (the record does not indicate whether he was convicted on that charge). 
As noted by the State, Points is now required to be registered as a sex offender 
as a result of the 1998 conviction and his privacy has therefore been 
compromised regardless of the 1993 arrest. The record does not show an abuse of 
discretion and we AFFIRM.

JOPLIN, P.J., and HETHERINGTON, V.C.J., concur.

FOOTNOTES

[1] He 
alleged he had been arrested on suspicion of indecent exposure October 20, 1993 
and the charge was dismissed March 30, 1994.
At the time Points filed his Petition, §18 provided:
Persons authorized to 
file a motion for expungement, as provided herein, must be within one of the 
following categories:
***
5. The person was arrested and no charges of any 
type, including charges for an offense different than that for which the person 
was originally arrested are filed or charges are dismissed within one (1) year 
of the arrest, or all charges are dismissed on the merits;
***
The statute was amended, effective November 1, 2012, and now 
provides:
Persons authorized to file a motion for expungement, as provided 
herein, must be within one of the following categories:
***
5. The person 
was arrested and no charges of any type, including charges for an offense 
different than that for which the person was originally arrested are filed and 
the statute of limitations has expired or the prosecuting agency has declined to 
file charges.

[2] Section 
19 provides, in pertinent part (emphasis added):
A. Any person qualified 
under Section 18 of this title may petition the district court of the district 
in which the arrest information pertaining to the person is located for the 
sealing of all or any part of the record, except basic identification 
information.
***
C. Upon a finding that the harm to privacy of the 
person in interest or dangers of unwarranted adverse consequences outweigh the 
public interest in retaining the records, the court may order such records, or 
any part thereof except basic identification information, to be sealed. If 
the court finds that neither sealing of the records nor maintaining of the 
records unsealed by the agency would serve the ends of justice, the court may 
enter an appropriate order limiting access to such 
records.
***





 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 None Found.