2002 OK CR 19

**C.J. KNIGHT, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–2001–817.**

Court of Criminal Appeals of Oklahoma.

April 24, 2002.

David Slane, Oklahoma City, OK, for appellant at trial.

Grace Shelton, Assistant District Attorney, Oklahoma City, OK, for the State at trial.

Edward D. Hasbrook, Assistant Municipal Counselor, Oklahoma City, OK, for appellant at trial.

Ronald L. Wallace, Oklahoma City, OK, for appellant on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, Jennifer A. Blakeney, Assistant Attorney General, Oklahoma City, OK, for the State on appeal.

## SUMMARY OPINION

LUMPKIN, Presiding Judge.

¶ 1 Appellant, C.J. Knight, was tried by jury in the District Court of Oklahoma County, Case Number CF–93–6078, and convicted of First Degree Manslaughter. The jury set punishment at twenty-five years imprisonment. Appellant was then granted a new trial and acquitted of all charges.

¶ 2 On May 6, 1996, Appellant filed a Motion for Expungement in the District Court, seeking to seal the records in CF–93–6078. The parties agree this motion was denied, after objections were filed and a hearing was held. However, we have no documents relating to this matter, except one brief docket entry indicating the motion was denied by Judge Dan Owens in July of 1996.

¶ 3 Appellant admits he did not file an appeal to the denial of his motion for expungement. He claims the trial judge told him he could file a new motion if.he was ever harmed. We have no document to support that bare claim, however, and Appellant admits he was represented by counsel at the time.[1]

¶ 4 Four years later, Appellant filed a new application for expungement, but made no allegation of a change of circumstances or harm to his privacy interests. The State objected on the basis of *res judicata*, i.e., that a court had already decided this issue and the facts and law relating to it. *See Miller v. Miller, 956 P.2d 887,* 896 (Okl.1998) (discussing meaning of *res judicata* ).

¶ 5 The trial court decided the matter on that pure legal issue, finding Appellant's application for expungement was barred by *res judicata.* The parties were not given an opportunity to introduce evidence into the record on the underlying application. Appellant now appeals from the trial judge's ruling.

¶ 6 Appellant raises one proposition in this appeal, that the district court erred when it found Appellant's action was barred by *res judicata.* We find, however, that after thoroughly considering this proposition

1. In 1996, an appeal of the denial of Appellant's motion for expungement would have been filed with the Oklahoma Supreme Court and was considered a civil matter. *See State v. McMahon,* 959 P.2d 607 (Okl.Civ.App.1998).

and the meager record before us, the district court's ruling, under the unique facts of this case, was not error, as further explained below.

¶ 7 The law concerning expungement petitions is found at 22 O.S.Supp.2000, § 18 and 22 O.S.Supp.1999, § 19. Section 19(C) specifically provides "[a]ny order entered" pursuant to section nineteen may be appealed. This language arguably suggests a person could file more than one expungement request and appeal each time he or she did.

¶ 8 However, the very nature of an appeal suggests at least some degree of finality. It does not seem to us the Legislature would desire an applicant whose petition for expungement has been denied to have the ability to simply re-file again and again until he ultimately wins. Indeed, the fact that one must appeal within a certain time after such an order surely suggests there is some penalty when you do not appeal within the time given.

 ¶ 9 In order to resolve these two competing principles, i.e., finality versus non-finality, we find as follows. A person who has lost on his or her first petition for expungement, having followed the procedures outlined in the statutes and in our only case addressing this issue, *Hoover v. State,* 2001 OK CR 16, 29 P.3d 591,[2] must allege and support by affidavit or similar proof a change of circumstances in his second or subsequent expungement petition in order to make a prima facie showing of harm, which may then be rebutted by the State. That change of circumstances must address some new "harm to privacy of the person in interest or dangers of unwarranted adverse consequences" not previously litigated. 22 O.S.Supp.1999, § 19 (C).[3]

¶ 10 The problem here is we have none of the underlying records to Appellant's first expungement proceeding, i.e., no petition, objections, transcripts, or order. Without those records, we must presume the underlying proceedings were in order and that the trial court followed the statutory guidelines.[4]

¶ 11 Appellant has made no allegation or showing of harm, a change in circumstances, or a danger of unwarranted circumstances. For all we know, the circumstances are identical to the circumstances of four years ago. Those circumstances were adjudicated and a ruling was entered denying Appellant's request. Appellant is barred by *res judicata* from relitigating that issue without alleging, and supporting with sufficient proof, a change of circumstances.

## DECISION

¶ 12 The trial court's ruling denying Appellant's application for expungement is **AFFIRMED.** However, Appellant may reapply for expungement upon alleging and making a sufficient showing of a change of circumstances, as set forth above.

JOHNSON, V.P.J., CHAPEL, STRUBHAR and LILE, JJ., concur.

---

**2.** I dissented to *Hoover* and cite to it here purely as a matter of stare decisis.

**3.** This approach is consistent with 22 O.S.Supp. 1999, § 19(L), which provides that, once the records have been sealed, the district attorney, arresting agency, OSBI, or other interested party or agency may petition the Court for an order unsealing the records. In so doing, the Court is asked to determine if "there has been a change of conditions or that there is a compelling reason to unseal the records."

**4.** Appellant's allegation that a judge told him a particular thing off the record at a time when he was represented by counsel would not toll the running of his appeal time or excuse his failure to appeal.