2008 OK CIV APP 1

**In the Matter of the Expungement of the Record of Jeff Alan BUECHLER, a/k/a Jeffrey Alan Buechler, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. 103,576.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Dec. 7, 2007.

---

Howard D. Perkins, Jr., Howard D. Perkins & Associates, P.C., Broken Arrow, OK, for Appellant.

David T. Iski, Assistant District Attorney, Tulsa, OK, for Appellee.

BAY MITCHELL, Vice–Chief Judge.

¶ 1 Appellant, Jeff Buechler, appeals the trial court's denial of his petition to seal and/or expunge his arrest record. In view of the decision in *Knight v. State*, 2002 OK CR 19, 46 P.3d 158, the trial court ruled Buechler's petition for expungement barred by *res judicata*. We disagree. We find Buechler's allegations and evidence of a change of circumstances since the denial of his first expungement petition sufficient to make a *prima facie* showing of harm and shift the burden of production to the State. We reverse and remand with directions to the trial court to balance the harm to Buechler against any relevant evidence regarding the public interest in keeping his arrest records open.

¶ 2 The following facts are undisputed: On August 4, 1994, Buechler was arrested on charges brought by his ex-wife and charged with five felony counts in Tulsa County District Court Case No. CF–1994–3694. Four of the five counts were dismissed within one year of Buechler's arrest, to wit: The trial court sustained Buechler's demurrer to

Counts I and III, the two felony counts,[1] dismissing them October 3, 1994, with costs to the State. The trial court dismissed Counts IV and V, the two misdemeanor counts,[2] March 29, 1995, also with costs to the State. The only count the trial court did not dismiss within one year was the one to which Buechler plead guilty, Count II, a misdemeanor charge of Reckless Handling of a Firearm (reduced from the original felony charge of Pointing a Weapon). The trial court eventually dismissed Count II as well, pursuant to 22 O.S. § 991c (deferred sentence) but not until September 27, 1996.

¶ 3 On October 31, 1996, approximately one month after final resolution of all the criminal charges against him, Buechler filed his *first* petition to seal and/or expunge his criminal and court records. Judge Turnbull, who had presided over the underlying criminal proceedings, held a hearing on the matter January 17, 1997.[3] A docket entry dated April 16, 1997, shows Judge Turnbull denied Buechler's first petition to seal his arrest records but permitted expungement of the related court records. This brief summary of Judge Turnbull's action appearing on the docket sheet of Case No. CF–1994–3694 is

the only record related to Buechler's initial motion for expungement we have before us on appeal. Buechler did not appeal the trial court's denial of his first expungement effort.

¶ 4 Buechler filed the instant petition March 6, 2006, approximately ten years after the trial court denied his original petition to seal and/or expunge his arrest records. He sought expungement under 22 O.S. §§ 18(4) and 19.[4] In an order dated June 21, 2006, the trial court found Buechler was authorized to move for expungement under 22 O.S. § 18. It found Buechler qualifies for expungement of Count II under 22 O.S. § 18(7).[5] However, relying on *Knight v. State,* 2002 OK CR 19, 46 P.3d 158, the trial court held Buechler's instant petition barred by *res judicata,* finding Buechler "has presented no evidence of harm to his privacy interest that was not previously litigated before Judge Turnbull. Specifically, Petitioner is asking this Court to do what Judge Turnbull would not do." Buechler appeals.

¶ 5 Whether *res judicata* bars Buechler's expungement petition presents a mixed question of law and fact. *See e.g., Barker v. State Ins. Fund,* 2001 OK 94, ¶ 6,

---

1. Count I: Child Abuse; and Count III: Possession of Firearm while in Commission of a Felony.

2. Count IV: Carrying a Concealed Weapon; and Count V: Violation of Protective Order.

3. In his brief on appeal, Buechler repeats the claim he made during the hearing below that Judge Turnbull summarily denied his initial expungement petition without a hearing. The transcript pages Buechler cites do not support this assertion, however. Moreover, the docket sheet for the underlying criminal matter, Case No. CF–1994–3694, contains an entry dated January 17, 1997, documenting a hearing held before Judge Turnbull on Buechler's motion to seal and/or expunge criminal records at which Buechler, the Oklahoma State Bureau of Investigation (OSBI), Tulsa Police Department, and State of Oklahoma all were present and represented by counsel.

4. 22 O.S. Supp.2004 § 18, entitled Expungement of Criminal Records, provides in pertinent part:

Persons authorized to file a motion for expungement, as provided herein, must be within one of the following categories:
    * * *
4. The person was arrested and no charges of any type, including charges for an offense dif-

ferent than that for which the person was originally arrested are filed or charges are dismissed within one (1) year of the arrest, or all charges are dismissed on the merits.

5. 22 O.S. Supp.2004 § 18(7) provides a person is authorized to file a motion for expungement where "[t]he offense was a misdemeanor, the person has not been convicted of any other misdemeanor or felony, no felony or misdemeanor charges are pending against the person, and at least ten (10) years have passed since the judgment was entered." According to the pleadings below, as well as the statements of his attorney at the hearing on the matter, Buechler's instant expungement petition applies only to Counts I, III, IV and V. It does *not* apply to the misdemeanor count to which he plead guilty (Count II, Reckless Handling of a Firearm) or to his citation for direct contempt of court issued in August of 1994, also in Case No. CF–1994–3694. Thus, it is unclear why the trial court found Buechler qualifies for expungement of Count II under 22 O.S. Supp.2004 § 18(7), and its ruling in that regard has no effect. It is likewise unclear why, once it considered the propriety of expungement under § 18(7), the trial court did not also find Buechler qualifies for expungement of the other two misdemeanor charges, Counts IV and V, under that provision as well.

40 P.3d 463, 466; *Munsingwear, Inc. v. Tullis,* 1976 OK 187, ¶ 8, 557 P.2d 899, 902. "[A] deferential standard of review applies to resolutions of disputed facts when supported by reasonable evidence; an independent judgment standard of review applies to the ultimate conclusion that these facts do or do not trigger preclusion." *Barker,* ¶ 6, 40 P.3d at 466, quoting *AJ Bayless v. Indus. Comm'n of Ariz.,* 179 Ariz. 434, 880 P.2d 654, 659 (App. 1993). Given that the underlying facts are not disputed, the question becomes solely one of law which we review *de novo. Barker,* ¶ 6, 40 P.3d at 466. Under the *de novo* standard, we have "plenary, independent and non-deferential authority to determine whether the lower court erred in its legal rulings." *American Airlines v. Hervey,* 2001 OK 74, ¶ 11, 33 P.3d 47, 50.

▮ ¶ 6 The plain purpose of the Oklahoma's expungement statutes "is to afford special relief in the form of a full or partial sealing of records relating to a person's involvement or suspected involvement in a crime. It is clearly intended to aid those who are acquitted, exonerated, or who otherwise deserve a second chance at a 'clean record.'" *State of Okla. v. McMahon,* 1998 OK CIV APP 103, ¶ 9, 959 P.2d 607, 609. "[A] motion for expungement hinges on the final disposition, or lack thereof, of criminal charges." *Hoover v. State,* 2001 OK CR 16, ¶ 4, 29 P.3d 591, 593. Any person whose circumstances meet one of the categories in 22 O.S. Supp.2004 § 18 "may petition the district court of the district in which the arrest information pertaining to the person is located for the sealing of all or any part of the record, except basic identification." [6]

¶ 7 Because four of the counts against him were dismissed within one year of his arrest, Buechler is authorized to file a petition for expungement of those charges under 22 O.S. Supp.2004 § 18(4). Were this Buechler's first expungement petition, the fact that his circumstances fall into a § 18 category would be sufficient to make a *prima facie* showing of harm. *See McMahon,* ¶ 4, 959 P.2d 607, 608 (holding when one of the § 18 "circumstances is shown to exist, a *prima facie* showing of harm is made"); *see also Hoover,* ¶ 6, 29 P.3d at 594 (explaining " § 19 creates a rebuttable presumption of harm after a § 18 category is met").

¶ 8 The procedure for making a *prima facie* showing of harm is different in the instant case, however, because Buechler is renewing his expungement petition following the denial of his earlier petition. The case *Knight v. State,* 2002 OK CR 19, 46 P.3d 158, appears to be the only published opinion in Oklahoma addressing the issue of a renewed petition to seal and/or expunge criminal records. Knight was tried by a jury and convicted of first degree manslaughter but subsequently granted a new trial and acquitted of all charges. Following a hearing, the trial court denied his motion for expungement. Much as in the instant action, other than the docket entry memorializing the denial of Knight's initial petition, no documents regarding the expungement matter appeared in the record before the appellate court, and Knight did not appeal the denial of his first motion. Four years later, Knight filed a new petition for expungement. The State objected, arguing Knight's expungement petition was barred by *res judicata,* and the trial

---

**6.** 22 O.S. Supp.2002 § 19, entitled Procedure for Sealing Records, provides in pertinent part:

A. Any person qualified under Section 18 of this title may petition the district court of the district in which the arrest information pertaining to the person is located for the sealing of all or any part of the record, except basic identification information.

\* \* \*

C. Upon a finding that the harm to privacy of the person in interest or dangers of unwarranted adverse consequences outweigh the public interest in retaining the records, the court may order such records, or any part thereof except basic identification information, to be sealed. If the court finds that neither sealing of the records nor maintaining of the records unsealed by the agency would serve the ends of justice, the court may enter an appropriate order limiting access to such records.

Any order entered under this subsection shall specify those agencies to which such order shall apply. Any order entered pursuant to this subsection may be appealed by the petitioner, the district attorney, the arresting agency, or the Oklahoma State Bureau of Investigation to the Oklahoma Supreme Court in accordance with the rules of the Oklahoma Supreme Court. In all such appeals, the Oklahoma State Bureau of Investigation is a necessary party and must be given notice of the appellate proceedings.

court agreed. Knight appealed to the Court of Criminal Appeals.[7]

¶9 Noting § 19(C) specifically provides "[a]ny order entered" pursuant to that section may be appealed, the *Knight* court reasoned "[t]his language arguably suggests a person could file more than one expungement request and appeal each time he or she did." *Knight*, ¶7, 46 P.3d at 160. "However, the very nature of an appeal suggests at least some degree of finality. It does not seem to us the Legislature would desire an applicant whose petition for expungement has been denied to have the ability to simply re-file again and again until he ultimately wins." *Id.*, ¶8, 46 P.3d at 160. The appellate court continued:

> A person who has lost on his or her first petition for expungement ... must allege and support by affidavit or similar proof *a change of circumstances* in his second or subsequent expungement petition *in order to make a prima facie showing of harm,* which may then be rebutted by the State. *That change of circumstances must address some new, "harm to privacy of the person in interest or dangers of unwarranted adverse consequences" not previously litigated.*

*Id.*, ¶9, 46 P.3d at 160 (emphasis added). The appellate court found Knight *"has made no allegation or showing of harm, a change in circumstances, or a danger of unwarranted circumstances"* and, not having any testimony or documentation before it to the contrary, that "[f]or all we know, the circumstances are identical to the circumstances of four years ago" when Knight's petition was first adjudicated and denied. *Id.*, ¶11, 46 P.3d at 160 (emphasis added). It held *res judicata* barred Knight from relitigating the expungement issue without "alleging, and supporting with sufficient proof, a change of circumstances" and denied his expungement application but advised Knight he "may reapply for expungement upon alleging and making a sufficient showing of a change of circumstances." *Id.*, ¶12.

¶10 The question before us is thus whether Buechler, in support of the renewed expungement petition before us on appeal, alleged and supported by proof a change of circumstances sufficient to make a *prima facie* showing of harm and shift the burden of proof to the State. On the one hand, Buechler acknowledges he based his first expungement petition on the argument his arrest record would adversely and unfairly affect his employment opportunities and that his present petition is grounded, at least in part, on similar claims. On the other hand, we know Buechler filed his first expungement petition only one month after all of the criminal charges against him were finally resolved, which did not give him much time to test the effects his arrest record would have on his employment prospects. Moreover, in the affidavit he filed in support of his renewed petition, Buechler avers that in the decade since the denial of his first motion to expunge, his applications for jobs with at least ten separate law-enforcement agencies have been denied. In each such instance, despite being otherwise qualified for those positions, Buechler's prior arrest record was a significant disqualifying factor. Beuchler further testified he has been "unable to become involved in multi-jurisdictional task forces, special law enforcement positions and numerous other opportunities due to the criminal record maintained by OSBI and other law enforcement agencies." In addition, Buechler argues he has been threatened with termination, required to hire counsel in order to respond to inquiries and allegations, and defend against threatened revocation of his CLEET certification, all due to the continued presence on his record of the dismissed charges.

¶11 As a final matter, despite carrying a handgun in his capacity as a police officer for the City of Kiefer, Buechler testified he has been unable to purchase firearms since the denial of his first expungement petition. Approximately three years after his arrest in 1994, he attempted to purchase a handgun but his application was rejected because of

---

7. *See In re Adoption of Supreme Court Rules for Expungement of Records*, 2005 OK 32, 120 P.3d 861, for an explanation of why the jurisdiction to hear expungement-related appeals under 22 O.S. § 19 has shifted from the Supreme Court (and, by assignment, the Court of Civil Appeals), to the Court of Criminal Appeals, and back again to the Supreme Court over the past decade.

his arrest record. Since then, he has tried on several other occasions to purchase firearms and been turned down each time. Significantly, the State does not argue, and there is no evidence to support, that the issue of Buechler's ability to purchase firearms was litigated before Judge Turnbull as part of his first expungement petition.

¶ 12 Unlike the plaintiff in *Knight*, who made "no allegation or showing of harm, a change in circumstances, or a danger of unwarranted circumstances," Buechler's affidavit and testimony are sufficient to make a *prima facie* case of new harm since the denial of his first expungement petition. Whereas Buechler based his initial petition on the potential for his arrest record to damage his job prospects, he supported the instant petition with examples of how it has actually impaired his employment opportunities over the past decade. Buechler also added the new charge that his arrest record has interfered with his ability to purchase firearms, an issue that was not litigated before Judge Turnbull. This is not a case of Buechler simply refiling his expungement motion based on the same stale allegations he used to support his initial petition. Buechler has alleged and shown a change of circumstances sufficient to make a *prima facie* showing of new harm.

¶ 13 Once the presumption of harm is established, "[t]he burden then shifts to the agencies opposing expungement to show that keeping such records public does not harm privacy interests and would serve the ends of justice." *McMahon*, ¶ 4, 959 P.2d at 608; *see also Hoover*, ¶ 6, 29 P.3d at 594–95. "[I]n determining whether the State has met this burden, the trial court should balance the personal harm to privacy and other adverse consequences of open records against the public interest in keeping those records open." *Hoover*, ¶ 6, 29 P.3d at 595. "If the court is not convinced that the ends of justice are served by either expungement or keeping the records public, the court can fashion a remedy of limited access." *McMahon*, ¶ 4, 959 P.2d at 608. We reverse and remand this case so the trial court can determine the merits of the expungement petition, balancing the harm to Buechler against any relevant evidence regarding the public interest in keeping his arrest records open.

¶ 14 REVERSED AND REMANDED.

ADAMS, J., and JOPLIN, P.J., concur.