2011 OK CIV APP 61

**Gerard W. KOLASKI, Plaintiff/Appellant,**

v.

**STATE of Oklahoma, Defendant/Appellee.**

**Nos. 107,451, 107,669.**

Court of Civil Appeals of Oklahoma, Division No. 3.

April 15, 2011.

---

**5.** Husband testified that the total purchase price was between $700,000 to $750,000.

Scott M. Anderson, Oklahoma City, Oklahoma, for Plaintiff/Appellant.

David A. Cincotta, Assistant District Attorney, Oklahoma City, Oklahoma, and Sunne Riedel Day, Assistant General Counsel, O.S.B.I., Oklahoma City, Oklahoma, and Tina A. Hughes, Assistant Municipal Counselor, Amanda Carpenter, Assistant Municipal Counselor, Oklahoma City, Oklahoma, for Defendant/Appellee.

BAY MITCHELL, Presiding Judge.

¶ 1 Appellant, Gerard W. Kolaski (Kolaski), appeals the trial court's denial of his Motion for Expungement of his arrest record for the felony crime of Sexual Abuse of a Child.[1] The trial court ruled that Kolaski was not eligible for an expungement because the criminal charges were not dismissed "on the merits."

¶ 2 The material facts are undisputed. Kolaski, a Lieutenant Colonel in the U.S. Air Force, was arrested on February 28, 2003 and subsequently charged with one count of Sexual Abuse of a Child in violation of 10 O.S. § 7115 (renumbered as 21 O.S. Supp. 2009 § 843.5). Prior to the preliminary hearing in August 2004, the criminal case was dismissed upon the State's oral motion to dismiss the charges. Dismissal was granted in the "best interest of justice."[2] Kolaski later sought expungement of his criminal arrest record pursuant to 22 O.S. Supp.2009 § 18(5)[3] because, he contends, the dismissal was "on the merits."[4]

 ¶ 3 On appeal, Kolaski argues a dismissal in the "best interest of justice" is a dismissal "on the merits" and thus, satisfies the statutory requirement for expungement. State argues the dismissal of the criminal charges prior to evidentiary hearing is not a dismissal "on the merits" within the meaning of § 18 and therefore, Kolaski does not qualify for expungement of his arrest record.

---

1. By order entered on May 19, 2010, the Oklahoma Supreme Court designated the instant case as a companion to *Elizabeth Marie–Renne Kolaski v. State* (# 107,669).

2. A review of the record reveals the District Attorney's office sought dismissal of the charges due to a witness recanting her earlier statements.

3. In pertinent part, 22 O.S. Supp.2009 § 18 provides:

 Persons authorized to file a motion for expungement, as provided herein, must be within one of the following categories:
 . . . .
 5. The person was arrested and no charges of any type, including charges for an offense different than that for which the person was originally arrested are filed or charges are dismissed within one (1) year of the arrest, *or all charges are dismissed on the merits;*
 . . . .
 For purposes of this act, "expungement" shall mean the sealing of criminal records. Records expunged pursuant to paragraph 10 of this section shall be sealed to the public but not to law enforcement agencies for law enforcement purposes.
 22 O.S. Supp.2009 § 18 (emphasis added) (footnote omitted).

4. Further, the trial court determined that even if the dismissal was "on the merits" within the meaning of § 18(5) rendering Kolaski eligible for expungement, Kolaski should not receive an expungement as a result of the balancing test in 22 O.S. Supp.2002 § 19(C).

■ ¶ 4 The right to expungement of criminal records is governed by statute. *Holder v. State,* 2009 OK CIV APP 1, ¶ 5, 219 P.3d 562, 564. Given that the underlying facts are not disputed, the question becomes solely one of law, which we review *de novo. Buechler v. State,* 2008 OK CIV APP 1, 175 P.3d 966. Further, statutory construction presents a question of law, which is also subject to *de novo* review. *Curry v. Streater,* 2009 OK 5, ¶ 8, 213 P.3d 550. "[T]he plain meaning of a statute's language is conclusive except in the rare case when literal construction produces a result demonstrably at odds with legislative intent." *Samman v. Multiple Injury Trust Fund,* 2001 OK 71, ¶ 13, 33 P.3d 302, 307. The intent of Oklahoma's expungement statutes is "to aid those who are acquitted, exonerated, or who otherwise deserve a second chance at a 'clean record.'" *Buechler,* 2008 OK CIV APP 1, ¶ 6, 175 P.3d 966, 969 (citation omitted).

■ ¶ 5 Black's Law Dictionary defines a "merits" determination as "[o]ne rendered after argument and investigation, and when it is determined which party is in the right, as distinguished from a judgment rendered upon some preliminary or formal or merely technical or procedural point, or by default and without trial." Black's Law Dictionary 843 (6th ed. 1990). "The definition of the word "merits" is well settled in case law. It signifies the real or substantial grounds of the action or of a defense. Practice, procedure, and evidence are not embraced by the term." *Roach v. Jimmy D. Enterprises,* 1996 OK 26, ¶ 6, 912 P.2d 852, 854 (citations omitted). "Practice, procedure and evidence . . . are deemed matters 'dehors the merits.'" *Shamblin v. Beasley,* 1998 OK 88, n. 16, 967 P.2d 1200, 1206. Orders of dismissal entered by a trial court prior to introduction of evidence because of nonappearance of witnesses are not adverse rulings on the merits of the State's evidence. *Lampe v. State,* 1975 OK CR 166, ¶ 12, 540 P.2d 590, 595.

¶ 6 While the dismissal granted "in the best interest of justice" might be suggestive of a merits determination, the record clearly

reflects the true basis for the dismissal was a witness changing her story prior to the preliminary hearing. Notably, the dismissal was entered prior to any presentation of evidence in the case. The trial court had yet to consider the substantive merits of the case at the time of the dismissal. Thus, it can only be reasonably construed as a dismissal without prejudice. Further, counsel for Kolaski conceded at the hearing on his Motion for Expungement that it "is completely within the State's discretion to refile this charge based upon . . . the same allegations." (May 28, 2009, Tr. at 13). If the charges may be refiled, the prior dismissal of those charges surely was not "on the merits."

¶ 7 Because we find Kolaski did not meet the statutory criteria for expungement eligibility in 22 O.S. § 18, we need not decide whether he would be entitled to the sealing of his arrest record pursuant to the balancing test set forth in 22 O.S. Supp.2002 § 19(C).[5]

¶ 8 The trial court's July 23, 2009 Order Denying Petition for Expungement and Sealing of Records is AFFIRMED.

JOPLIN, J., concurs.

KENNETH L. BUETTNER, Judge, dissenting.

¶ 9 The bright line test suggested by the state: that if no evidence is considered by the court, the dismissal cannot be on the merits, is incompatible with the balance of 22 O.S. Supp.2009 § 18. For example, the Legislature has provided for expungement of an arrest record if an accused is acquitted, or factual innocence is established by DNA, or the crime was committed by another person who stole the accused's identity. If the State's bright line test was intended by the Legislature, then the State's decision to dismiss charges, on the merits, before preliminary hearing a) because another person committed the crime, e.g., had been arrested and confessed, or b) the sole complaining witness had recanted so that there was no evidence a crime had been committed, would mean no expungement of the arrest record was possible. Under either of these situations, the

---

**5.** § 19(A) provides "[a]ny person qualified under Section 18 of this title may petition the district court . . . for the sealing of all or any part of the record, except basic identification information."

Given the fact Kolaski failed to meet the statutory prerequisite of qualification under § 18, the balancing test set forth in § 19(C) is inapplicable and unavailable.

dismissal could be justified in the Best Interest of Justice. Clearly, such dismissals would relate to the merits as opposed to only a procedural issue, i.e., witnesses could not be located, or failed to appear, or evidence suppressed due to a bad search. In fact, the preliminary hearing could have started and evidence received, but due to a critical witness' inability to appear, the State could dismiss the charges. Would that dismissal be on the merits?

¶ 10 I would hold that the underlying reason for the dismissal be shown in order to determine whether § 18(5) applied, whether the preliminary hearing had occurred or not. If the dismissal was grounded on a procedural issue, then expungement would not be available. However, if the dismissal was based upon the merits, such as recantation of a witness to the effect that no crime had occurred, then expungement would be available.

¶ 11 In this case, we can discern that there was a single complaining witness, a minor, that recanted. The state would argue that *its* decision to request dismissal could not be on the merits because the trial court never heard any evidence. I do not read § 18(5) so restrictively. I would reverse and remand for further proceedings to consider the underlying basis for the dismissal and the proceedings under § 19.