2014 OK CIV APP 27

**Willie Ray POINTS, Petitioner/Appellant,**

v.

**The STATE of Oklahoma, Respondent/Appellee.**

**No. 111326.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Feb. 14, 2014.

Brian Jones, Atkins and Markoff Law Firm, Oklahoma City, Oklahoma, for Petitioner/Appellant.

David A Cincotta, ASSISTANT DISTRICT ATTORNEY, Oklahoma City, Oklahoma, and Kenneth Jordan, Municipal Counselor, Laura Calvery, Assistant Municipal Counselor, Oklahoma City, Oklahoma, for Respondent/Appellee.

KENNETH L. BUETTNER, Judge.

¶ 1 Petitioner/Appellant Willie Ray Points appeals the trial court's denial of his petition to expunge an arrest from his record. We find no abuse of discretion in the trial court's denial of expungement and affirm.

¶ 2 Points filed his Petition for Expungement and Sealing of Records June 14, 2012. He sought expungement of an arrest record under 22 O.S.2011 18(5), which allowed expungement where a person was arrested but the charge was dismissed within a year.[1] Points asserted the damage to his privacy and the adverse consequences of the charge outweighed the public's interest in the charge being public.

¶ 3 The Oklahoma County District Attorney and the Oklahoma City Municipal Counselor opposed the petition. The DA conceded the charge and dismissal in 1993–1994 fit within the parameters of 18(5). However, the DA asserted Points had since then been arrested and charged with indecent exposure in a 1998 incident. The DA noted that Points entered a guilty plea September 22, 1998 and received a five year suspended sentence, and as a result was required to register as a sex offender. The DA alleged Points was also arrested "for a morals/decency crime" in December 1976. The DA urged that 22 O.S.2011 19 requires the court to weigh the public's interest in the information against the petitioner's privacy interest in deciding whether to expunge a record. The DA argued Points's other charges and guilty plea showed that the public's interest in the record outweighed any harm to Points.

¶ 4 Following a hearing, the trial court entered its Order Denying (Points's) Petition for Expungement and Sealing of Records November 20, 2012. The court found that

---

1. He alleged he had been arrested on suspicion of indecent exposure October 20, 1993 and the charge was dismissed March 30, 1994.

    At the time Points filed his Petition, 18 provided:

    Persons authorized to file a motion for expungement, as provided herein, must be within one of the following categories:

    * * *

    5. The person was arrested and no charges of any type, including charges for an offense different than that for which the person was originally arrested are filed or charges are dismissed within one (1) year of the arrest, or all charges are dismissed on the merits;

    * * *

    The statute was amended, effective November 1, 2012, and now provides:

    Persons authorized to file a motion for expungement, as provided herein, must be within one of the following categories:

    * * *

    5. The person was arrested and no charges of any type, including charges for an offense different than that for which the person was originally arrested are filed and the statute of limitations has expired or the prosecuting agency has declined to file charges.

the risk of harm to Points did not outweigh the public's interest in retaining the records.

■ ¶ 5 Points appeals. Points contends that because the facts are undisputed, we must review the trial court's decision *de novo*, citing *Olson v. State*, 2012 OK CIV APP 85, 286 P.3d 296 and *Buechler v. State*, 2008 OK CIV APP 1, ¶ 5, 175 P.3d 966. The State counters that those cases show that where the facts are undisputed and the question on appeal is the interpretation of the statute, then a question of law is presented and *de novo* is the proper review standard, but that the decision whether to expunge a record is left to the trial court's discretion, citing *Higgins v. State*, 2010 OK CIV APP 29, ¶ 12, 231 P.3d 757. Title 22 O.S.2011 19(C) provides that where the statutory grounds for expungement are shown, the trial court *may* grant relief. We agree with *Higgins* that where the facts are undisputed, the trial court has discretion whether to expunge a record.

■ ¶ 6 The "purpose of . . . Oklahoma's expungement statutes 'is to afford special relief in the form of a full or partial sealing of records relating to a person's involvement or suspected involvement in a crime. It is clearly intended to aid those who are acquitted, exonerated, or who otherwise deserve a second chance at a "clean record." ' " *Buechler, supra*, at ¶ 6, quoting *State of Okla. v. McMahon*, 1998 OK CIV APP 103, ¶ 9, 959 P.2d 607, 609. By showing that his 1993 charge was dismissed within a year and he had not previously sought expungement, Points made a *prima facie* showing of harm from the record being public and entitlement to a presumption that expungement was warranted, unless the State was able to overcome that presumption. *Buechler, supra*, at ¶ 8. Once a petitioner has shown that he

qualifies for expungement under one of the categories in 18, the burden shifts to the State to show that keeping the records public does not harm the petitioner's privacy interests and would serve the ends of justice.[2] *Hoover v. State*, 2001 OK CR 16, ¶ 6, 29 P.3d 591.

■ ¶ 7 In this case, the State notes Points failed to present either a transcript or a narrative statement of the hearing. Points contends that no evidence was presented at the hearing and that the parties simply repeated the arguments made in their pleadings. The record presented shows that the trial court could have reasonably found that the public interest outweighed the danger of adverse consequences to Points because he later pleaded guilty after another arrest for indecent exposure and because he was arrested in 1976 for a "morals/decency" charge (the record does not indicate whether he was convicted on that charge). As noted by the State, Points is now required to be registered as a sex offender as a result of the 1998 conviction and his privacy has therefore been compromised regardless of the 1993 arrest. The record does not show an abuse of discretion and we AFFIRM.

JOPLIN, P.J., and HETHERINGTON, V.C.J., concur.

---

■

---

2. Section 19 provides, in pertinent part (emphasis added):

A. Any person qualified under Section 18 of this title may petition the district court of the district in which the arrest information pertaining to the person is located for the sealing of all or any part of the record, except basic identification information.
\* \* \*
C. *Upon a finding that the harm to privacy of the person in interest or dangers of unwarranted*

*adverse consequences outweigh the public interest in retaining the records, the court may order such records, or any part thereof except basic identification information, to be sealed.* If the court finds that neither sealing of the records nor maintaining of the records unsealed by the agency would serve the ends of justice, the court may enter an appropriate order limiting access to such records.
\* \* \*