WATERS v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:WATERS v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 WATERS v. STATE
2020 OK CIV APP 43
Case Number: 118321
Decided: 07/10/2020
Mandate Issued: 08/05/2020
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2020 OK CIV APP 43, __ P.3d __

 

KEVIN DEWAYNE WATERS, Plaintiff/Appellant,
v.
STATE OF OKLAHOMA, Defendant/Appellee.

APPEAL FROM THE DISTRICT COURT OF
COMANCHE COUNTY, OKLAHOMA

HONORABLE IRMA J. NEWBURN, JUDGE

VACATED and REMANDED

Kevin D. Waters, Oklahoma City, Oklahoma, Pro se,

Jessie K. Heidlage, Assistant General Counsel, Oklahoma State Bureau of Investigation, Oklahoma City, Oklahoma, for Defendant/Appellee.

Bay Mitchell, Presiding Judge:

¶1 After securing the reversal and dismissal of a criminal conviction, the appellant requested the expungement of records related to his arrest and overturned conviction. Both the State and the Oklahoma State Bureau of Investigation objected. It was undisputed that the appellant was eligible for expungement under the applicable statute. The trial court, however, found that the State's interest in maintaining the records outweighed any harm to the appellant. It is clear from the order appealed that the trial court analyzed the case under an improper legal framework, particularly, failing to shift the burden of proof to the State after the appellant made out a prima facie case for expungement, as precedent demands. Accordingly, we VACATE the order below and REMAND for the trial court's reevaluation under the proper legal standards.

BACKGROUND

¶2 In 1999, the appellant, Kevin Waters, was convicted of and received a one-year sentence for an act or acts in violation of 21 O.S. §1123(A)(3) (Lewd or Indecent Proposal to a Child under Sixteen). He appealed, and the Court of Criminal Appeals reversed with instructions to dismiss. In 2001, on remand, the trial court dismissed the charges and declared Waters "exonerated."

¶3 In 2003, Waters filed a petition to expunge the records related to his arrest and now-overturned conviction based on 22 O.S. §18(2), which has permitted a defendant to request expungement when a conviction is "reversed with instructions to dismiss by an appellate court of competent jurisdiction" since the statute was amended in 1997,[1] and continues to do so under current law. For reasons not clear from the appellate record, the trial court denied this motion. Waters appealed pro se, but, again for reasons unknown on this record, the Court of Civil Appeals affirmed.

¶4 In July 2019, Waters filed a second petition to expunge the records related to his reversed conviction. Both the State of Oklahoma, through the local district attorney, and the Oklahoma State Bureau of Investigation, objected to the expungement. A trial was held at which Waters was the only witness. Neither the State nor the Bureau put on any evidence.

¶5 The trial court again denied the Waters' petition. In its written order, the trial court agreed with Waters that the second petition to expunge was based on sufficient proof of change of circumstances, and that Waters had set forth a prima facie case for expungement, but found that "[i]n weighing the harm to [Waters] against the interest of the public to maintain the records, this Court is not satisfied that the alleged harm is 'sufficient proof' to overcome the interest to the public in maintaining the records ...." Waters timely appealed, and the matter was assigned to this Court to review.

STANDARD OF REVIEW

¶6 Where a record is potentially expungeable under 22 O.S. §18, the decision whether to expunge is discretionary. 22 O.S. Supp. 2016 §19 ("Upon a finding that the harm to privacy of the person in interest or dangers of unwarranted adverse consequences outweigh the public interest in retaining the records, the court may order such records, or any part thereof except basic identification information, to be sealed.") (emphasis added). Thus, a trial court's refusal to expunge a potentially expungeable record must be reviewed for an abuse of discretion. Points v. State, 2014 OK CIV APP 27, ¶5, 328 P.3d 1232, 1234. If a decision is "based on an erroneous conclusion of law" or "is employed on untenable grounds," the decision is an abuse of discretion. Christian v. Gray, 2003 OK 10, ¶43, 65 P.3d 591; Patel v. OMH Med. Ctr., Inc., 1999 OK 33, ¶20, 987 P.2d 1185, 1194. Additionally, although this order must be reviewed for abuse of discretion, the de novo standard applies to the purely legal question of whether the trial court applied the correct legal standard. Christian, ¶43; Scoufos v. State Farm Fire and Cas. Co., 2001 OK 113, ¶1, 41 P.3d 366, 367.

ANALYSIS

¶7 The trial court applied incorrect legal standards in denying Waters' petition by (1) improperly allocating the burden of proof, (2) impermissibly minimizing the harm caused to Waters by the continued existence of the records at issue, and (3) failing to recognize the possibility that it could limit access to the records in lieu of sealing them for all purposes. These errors, each of which are discussed below, are errors of law that necessitate the order denying expungement be vacated and the matter remanded for the trial court's reconsideration under the appropriate legal framework.

¶8 Both statutes and prior opinions of the Oklahoma Court of Civil Appeals and Oklahoma Court of Criminal Appeals[2] set forth a clear, step-by-step framework for evaluating a request for expungement. The first step is to determine if the petitioner is one of the persons allowed to request expungement in the first instance. 22 O.S. Supp. 2019 §18. In this case, all parties agree that Waters qualified, as he is a person whose "conviction was reversed with instructions to dismiss by an appellate court of competent jurisdiction." Id., §18(A)(2).

¶9 Next, the court must weigh "the harm to [the] privacy of the person in interest or dangers of unwarranted adverse consequences" against "the public interest in retaining the records ...." Id., §19(C). Notably, however, once Waters demonstrated he was a person entitled to request expungement under §18, the burden to prove that the harm to the public is greater than the harm to the would-be expunger shifts to the State. Points v. State, 2014 OK CIV APP 27, ¶6, 328 P.3d 1232, 1234 ("Once a petitioner has shown that he qualifies for expungement under one of the categories in [Section] 18, the burden shifts to the State to show that keeping the records public does not harm the petitioner's privacy interests and would serve the ends of justice."). See also Buechler v. State, 2008 OK CIV APP 1, ¶13, 175 P.3d 966, 971; State v. McMahon, 1998 OK CIV APP 103, 959 P.2d 607, 608; Hoover v. State, 2001 OK CR 16, ¶6, 29 P.3d 591.

¶10 The trial court's order does not recognize this shift in burdens, which occurs automatically upon a prima facie showing under §18. Rather, the trial court engaged in a burdenless weighing of the rather significant evidence of harm set forth by Waters, against the perceived burdens on State, which the trial court could only glean from Waters' testimony and the State's argument, as the State put on no testimony of its own that would speak to any specific harm to the public in sealing these particular records.[3] Failure to clearly allocate the burden of proof to the State on the dispositive issue in the case was an error of law that, in and of itself, necessitates vacating the order at issue.

¶11 In addition to this error, the trial court significantly minimized the rather significant harm to Waters in maintaining the records. In the final sentence of the court's order, where the court ultimately denied Waters' request for expungement, the court spoke of Waters' "alleged" harm. However, Waters' harm was not merely "alleged." On the contrary, Waters was entitled to a presumption of harm based on his status as a person whose conviction has been reversed with instructions to dismiss. Similar to the ultimate burden of proof, as discussed above, it was the State's burden to rebut this presumption of harm. State v. McMahon, 1998 OK CIV APP 103, 959 P.2d 607, 608 (Upon a §18 showing, "[t]he burden then shifts to the agencies opposing expungement to show that keeping such records public does not harm privacy interests and would serve the ends of justice."). The State offered no evidence whatsoever that the keeping of the records in this case would not continue to harm Waters' private interests. Against this lack of evidence, Waters' offered significant evidence, including uncontroverted testimony of multiple denials of employment, that demonstrated significant and ongoing harm.

¶12 Finally, we note for purposes of remand that trial courts have great flexibility in crafting expungement orders that serve the interests of justice. "If the court finds that neither sealing of the records nor maintaining of the records unsealed by the agency would serve the ends of justice, the court may enter an appropriate order limiting access to such records." 22 O.S. Supp. 2016 §19(C). This statute would allow, contrary to the State's argument at the hearing, the trial court to enter an order sealing the records at issue to the public but to allow law enforcement agencies access to the records for law enforcement purposes, despite that the fact that 22 O.S. Supp. 2019 §18(D) requires such a limitation for certain categories of expungements that do not include the category at issue here. Thus, to the extent the trial court finds on remand that the harm to Waters' in maintaining the records outweighs the State's interest in maintaining the records, but believes law enforcement should be permitted continued access to the records due to unique factors presented in this case, that option is available to the trial court.

¶13 For the reasons set forth above, the trial court's order denying Waters' petition for expungement is VACATED and the matter is REMANDED for the entry of a new order consistent with the legal principles set forth in this opinion.

SWINTON, V.C.J., concurs, and BELL, P.J. (sitting by designation), dissents.

FOOTNOTES

[1] 1997 Okla. Sess. Law Serv. Ch. 397 (S.B. 440) (West).

[2] Jurisdiction to hear appeals from orders granting or denying expungement has been vested in both the Oklahoma Court of Criminal Appeals and Oklahoma Supreme Court over the years. During those times, including the present, where such appeals have been heard by the Supreme Court, the cases have been routinely assigned to the Court of Civil Appeals. Thus, there are precedents related to expungements in all three Oklahoma appellate courts. See In re Adoption of Supreme Court Rules for Expungement of Records, 2005 OK 32, 120 P.3d 861.

[3] Notably, in its order, the trial court cited as weighing in favor of the State's interest in maintaining the records the fact that Waters had been arrested for other "similar" charges after his conviction in this case was reversed. However, the trial court appears to misconstrue the evidence as it appears in the record.

The trial court states in its order that Waters "testified that he had been arrested on three separate occasions for similar incidents near the time of this incident. It was not established whether these three arrest[s were] based on the same set of facts for which the petitioner was tried." Order Denying Expungement of Records, pg. 3 (emphasis supplied). However, nothing in Waters' testimony indicates that the arrests were for similar conduct. Rather, the testimony indicates that each of the three additional arrests were "all in reference to the same situation in Oklahoma City." Transcript (August 23, 2019), pg. 25 (emphasis added). Additionally, and notably in this Court's view, Waters' testimony on the issue, which the State did not rebut, indicated that he was never convicted on any charges stemming from those arrests. All such charges were eventually dismissed with prejudice to refiling.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 2001 OK CR 16, 29 P.3d 591, 72 OBJ 1860, HOOVER v. STATE
Discussed
Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2008 OK CIV APP 1, 175 P.3d 966, BUECHLER v. STATE
Discussed
 2014 OK CIV APP 27, 328 P.3d 1232, POINTS v. STATE
Discussed at Length
 1998 OK CIV APP 103, 959 P.2d 607, 69 OBJ 2920, State of Oklahoma v. McMahon
Discussed at Length
Oklahoma Supreme Court Cases
 Cite
Name
Level

 2001 OK 113, 41 P.3d 366, 72 OBJ 3685, SCOUFOS v. STATE FARM FIRE & CASUALTY CO.
Discussed
 2003 OK 10, 65 P.3d 591, CHRISTIAN v. GRAY
Discussed
 2005 OK 32, 120 P.3d 861, IN RE ADOPTION OF SUPREME COURT RULES FOR EXPUNGEMENT OF RECORDS
Discussed
 1999 OK 33, 987 P.2d 1185, 70 OBJ 1353, Patel v. OMH Medical Center, Inc.
Discussed
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 1123, Lewd or Indecent Proposals or Acts to Child Under 16
Cited
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 18, Expungement of Criminal Records
Discussed at Length
 22 O.S. 19, Procedure for Sealing Records - Reimbursement of Fees
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA