FIRST NATIONAL BANK OF ENID, Oklahoma, a Corporation, as Trustee of the Testamentary Trust created under the Will of Margaret E. Lewis, Deceased, Plaintiff in Error,

v.

Ruby Irene CLARK, formerly Lewis, and De Albert Lewis, Defendants in Error.

No. 40480.

Supreme Court of Oklahoma.

May 4, 1965.

As Amended May 14, 1965.

Crowley & Musser, Jere G. Crowley, Enid, Val R. Miller, Crowe, Boxley, Dunlevy, Thweatt, Swinford & Johnson, Oklahoma City, for plaintiff in error.

Dennis L. Pope, Enid, Joe A. Moore, Memphis, Tenn., of counsel on the brief, for defendant in error, Ruby Irene Clark.

JACKSON, Vice Chief Justice.

In the trial court, plaintiff Ruby Irene Clark, formerly Lewis, sued the First National Bank of Enid, as trustee, and De Albert Lewis, her former husband, in an effort to collect a Judgment she had previously obtained against Lewis for unpaid and accruing child support money. Her purpose was to reach the proceeds of a testamentary trust created for Lewis by his mother, Margaret E. Lewis, who died in 1959. The trial court entered judgment substantially as prayed for, ordering the trustee to pay the accrued and accruing child support money "out of the first income hereafter to said trust estate", and the defendant trustee appeals. We will refer hereinafter to Mrs. Clark as plaintiff, and to the bank and De Albert Lewis as trustee and beneficiary respectively, or by name.

There is little dispute as to the terms and purposes of the trust created by Margaret E. Lewis. The first beneficiary thereof was De Albert Lewis, her adopted son, and during his lifetime, he was the primary and "sole" object of the trustor's bounty. The trustee, in its sole and uncontrolled discretion, was to pay to De Albert Lewis such sums as it saw fit for his benefit from the income and corpus of the trust estate. After his death, the two sons of De Albert Lewis by Ruby Irene Clark, plaintiff herein, became the beneficiaries, and the payments, still in the sole discretion of the trustee, were to be for their benefit. On the death of the survivor of the two sons (grandsons of Margaret E. Lewis), the trust was to terminate and any estate remaining was to go to the Enid Memorial Hospital and the Baptist General Convention of Oklahoma, for the use and benefit of the Enid General Hospital and the Enid General Hospital School of Nursing.

The trust instrument contained unconditional restraints upon alienation by the beneficiaries of their interest in the trust estate, and the trustee was authorized, in its sole discretion, to sell any of the property of the trust, real or personal, at any time it felt the same to be necessary to accomplish trustor's purpose.

Before the death of Margaret E. Lewis, De Albert Lewis and the plaintiff had been divorced, and De Albert had re-married. His second wife had a child by a first marriage, and she and De Albert had a daughter of their own at time of trial. The irregular income from the trust was only about $200.-00 per month, and the "book value" of the trust estate was about $39,000.00. It consisted mostly of real estate.

It appears that at time of trial, De Albert was in jail serving a 60 day sentence for contempt of court for failure to make the child support payments to plaintiff herein. In his answer in the trial court, he made common cause with plaintiff, asking for substantially the same relief.

On appeal, defendant trustee presents two propositions: They are: (1) that the court lacked jurisdiction to enter any judgment in this case because of the absence of necessary parties; and (2) that the judgment of the court ordering payment by the trustee of the child support money was contrary to the law and the evidence.

After a careful examination of the record and briefs before us, we have concluded that our disposition of this appeal must hinge largely upon the provisions of the Oklahoma Trust Act, 60 O.S.1961, § 175.1 et seq.

Although Oklahoma is usually listed as one of the states having adopted the Uniform Trusts Act (Vol. 9C, Uniform Laws Annotated, page 289) we find substantial differences between the Oklahoma enactment and at least 10 of the 25 sections of the uniform act. Five sections of the uni-

form act are omitted entirely from the Oklahoma Trust Act, including the one calling for uniformity of interpretation in the states adopting the uniform act. We take note of two sections of the Oklahoma Trust Act, 60 O.S.1961, §§ 175.23 and 175.25. Of the five subsections of Sec. 175.23, only one, subsection E, which is not involved in the case now before us, has its counterpart in the uniform act. Sec. 175.25 concerns spendthrift trusts, and the uniform act has nothing at all to say on this subject. Sec. 175.25 was apparently taken from the Louisiana Trust Estates Act, La.Rev.Stat. Ann.Appendix, Sec. 9:1923, but the parties hereto agree that no Louisiana case in point on the issues now before us is to be found.

It is thus apparent that citations of authority from other jurisdictions, and decisions under the uniform act, would be of little assistance in the case under consideration. No Oklahoma case precisely in point has been cited by the parties, and our own research has disclosed none.

Trustee's argument under its first proposition, attacking the jurisdiction of the court to enter any judgment in this case because of a lack of necessary parties, is based upon the premise that this action was brought under 60 O.S.1961, § 175.23, which provides in pertinent part as follows:

"A. The district court shall have original jurisdiction to construe the provisions of any trust instrument; to determine the law applicable thereto; the powers, duties, and liability of trustee; the existence or nonexistence of facts affecting the administration of the trust estate; to require accounting by trustees; to surcharge trustee; and in its discretion to supervise the administration of the trust; and all actions hereunder are declared to be proceedings in rem.

"B. * * *

"C. * * * The only necessary parties to such actions shall be those persons designated by name in the instrument creating the trust, and any persons who may be actually receiving distributions from the trust estate at the time the action is filed * * *."

The trustee says that the requirement as to necessary parties is jurisdictional, and points out that the remaindermen, Enid Memorial Hospital and Baptist General Convention of Oklahoma, were not parties to this action. In reply to this argument, plaintiff invites our attention to the well established general rule to the effect that if no objection to an alleged defect of parties is made in the trial court, the defect is waived, citing Hatten v. Interocean Oil Co., 182 Okl. 465, 78 P.2d 392, 116 A.L.R. 727. It is conceded that the trustee did not raise this question in the trial court.

We agree with trustee that, in actions brought under Sec. 175.23, an absence of some of the parties designated as "necessary parties" by subsection C of that section, is a jurisdictional defect. In 39 Am. Jur. Parties, Sec. 5, it is said that

" * * * necessary parties are defined as those without whom no decree at all can be effectively made * * *.

* * * * * *

" * * * When a necessary or an indispensable party is omitted, the court cannot, as a rule, assume jurisdiction * * *, and it is never too late to raise objection to jurisdiction for want of such parties. Objections to the omission of an indispensable or necessary party may ordinarily be raised for the first time in the appellate court * * *."

In the instant case the beneficiaries and remaindermen have a pecuniary interest in any order of the court which tends to diminish any part of the estate whether income or corpus. After De Albert Lewis' death his two sons by Ruby Irene Clark (plaintiff herein) become the beneficiaries and after their deaths the Enid Memorial Hospital and the Baptist General Convention of Oklahoma will take whatever is left of the estate. They, and each of them, are just as much interested in what the

court does with income from the estate as they are in what the court does with the corpus of the estate, for if the income from the estate is not consumed in caring for De Albert Lewis a greater sum of money and property will be available for his sons or the residuary beneficiaries at the time of his death. Therefore it is apparent that the judgment in this case cannot be sustained under 60 O.S.1961, § 175.23 because the judgment diminishes the estate without notice to the sons of De Albert Lewis and the residuary beneficiaries and constitutes a taking of property without due process of law.

It is also readily apparent that the judgment cannot be completely sustained under the provisions of 60 O.S.1961, § 175.25. The trustor in the instant case created both a spendthrift trust and a discretionary trust. The trustor specifically provided that Trustee, in its sole and uncontrolled discretion, was to pay De Albert Lewis such sums as it saw fit from the income and corpus of the trust estate. De Albert receives no income or corpus from the estate unless and until Trustee exercises its discretion. When Trustee exercises its discretion and releases "income" to De Albert the amount so released is amenable to a court order without notice to his sons and to the residuary beneficiaries, so long as the court is exercising powers authorized by Sec. 175.25, supra. Sec. 175.25, provides, in part, as follows:

"Any instrument creating a trust may provide by specific words that the interest of any beneficiary in the *income of the trust* shall not be subject to voluntary or involuntary alienation by such beneficiary. Subject to the following provisions of this Section, a direction to this effect shall be valid and enforceable.

"A. Notwithstanding a provision in the terms of a trust restraining the alienation of the interest of a beneficiary, such interest shall be entitled to be reached in the satisfaction of claims to the following extent:

"1. *All income due or to accrue* in the future *to the beneficiary* shall be subject to enforceable claims under the laws of this State for,

"(a) support of a husband, wife, or child of the beneficiary,

"(b) necessary services rendered or necessary supplies furnished to the beneficiary, or

"(c) a judgment based on any such claim under (a) or (b)." (Emphasis supplied.)

Under 60 O.S.1961, § 175.3, subd. H "income" is defined as the return derived from principal.

As heretofore noted the only income due, or to accrue, to the beneficiary under the trust instrument is that amount of money which Trustee may, in its discretion, make available to De Albert Lewis. When Trustee makes "income" (as the term is defined by Sec. 175.3 subd. H) available to De Albert Lewis the court may require Trustee to pay the money directly to the person or party entitled to receive the money for the support of De Albert's two sons or in payment of the judgment for child support. However, if the jurisdiction of the court is to be invoked to *compel* Trustee to pay over the income from the trust estate to the payment of the judgment for child support and to the payment of the order for child support then we are convinced that all persons and corporations interested in the estate must be made parties in order that due process will not be denied. Any compulsory order to pay the (statutory) "income" to or for child support will undoubtedly have a pecuniary effect upon the corpus of the estate since trustor has directed Trustee to use the corpus of the estate, if Trustee deems it necessary, for the necessities of her son, De Albert Lewis. In reaching our conclusions we have considered 14 Oklahoma Law Review, page 233; American Law Institute Restatement of the Law of Trust, Vol. 1, Sec. 152(2); Anno. 119 A.L.R. 21; Scott on Trusts, Vol. II, Sec. 155; and the Oklahoma Trust Act, 60 O.S. 175.1 et seq.

To the extent that the judgment appealed from *requires* Trustee to pay over the "income" from the trust estate to the payment of the judgment for child support and the order for child support, it is vacated and set aside. This conclusion is reached because of the fact that the income from the trust estate remains estate property until such time as Trustee voluntarily allots it to De Albert Lewis, or until such time as the court exercises its jurisdiction under Section 175.23, supra, with all interested parties, beneficiaries, and remaindermen properly before the court.

To the extent that the trial court's judgment requires Trustee to pay over to plaintiff, or guardian, any "income" which Trustee determines shall be paid to or for the beneficiary, De Albert Lewis, the judgment is affirmed.

DAVISON, BLACKBIRD, IRWIN, BERRY and HODGES, JJ., concur.

HALLEY, C. J., and WILLIAMS, J., dissent.

HALLEY, Chief Justice (dissenting).

To me the Enid Memorial Hospital and Baptist General Convention were not necessary parties to this action.

I do not think the trust here is a spendthrift trust but is a discretionary trust. At this time it is immaterial.

In my opinion the trial court erred in entering judgment for a lump sum because of 60 O.S.1961 § 175.25 subd. H, which is:

> "The provisions of this Section may be enforced only by an action in a court of competent jurisdiction and the obligor beneficiary shall be a party defendant in such action. *The trustee shall not be required to recognize any of the obligations provided for in this Section or to withhold any income from the beneficiary until said trustee has been served with summons or garnishment summons.* Such action shall be governed by the rules of civil proce-

dure under the laws of Oklahoma." (Emphasis supplied.)

In view of the foregoing subsection, I think that since the trustee bank was not served with summons prior to this action and had no official notice that it should provide for child support other than give money to the children's father, that part of the judgment which directs the payment of $4,172.34, should be inferior to the payments for child support and the payments to the beneficiary for the necessities of life for himself and his family and should not be paid until the income of the trust estate will justify the expenditure.

I dissent to the majority opinion.

I am authorized to state that WILLIAMS, J., concurs in the views herein expressed.