## 2012 OK CIV APP 95

**Larry W. FANSLER, Plaintiff/Appellee,**

v.

**Bobbie S. FANSLER, Defendant/Appellant.**

**No. 110,099.**

Court of Civil Appeals of Oklahoma, Division No. 3.

June 29, 2012.

Certiorari Denied Oct. 8, 2012.

Ronald Main, Tulsa, Oklahoma, for Plaintiff/Appellee.

N. Franklin Casey, Casey & Jones, P.C., Tulsa, Oklahoma, for Defendant/Appellant.

BAY MITCHELL, Judge.

¶ 1 Defendant/Appellant Bobbie S. Fansler (Wife) appeals from the trial court's Order Appointing Receiver, which Plaintiff/Appellee Larry W. Fansler (Husband) had sought after the parties failed to reach an agreement regarding the sale of real property.[1]

¶ 2 After over thirty years of marriage, the parties were divorced in December 1995. The parties entered into a settlement agreement (not merged into the divorce decree) which provided that the marital residence "shall be conveyed to a Trust established for the purpose of holding title to and selling same."[2] The settlement agreement further provided for the Wife's exclusive right to occupy the property to the exclusion of Husband subject to the terms of the Trust agreement. Additionally, it stated that "[I]t is intended that the property be sold for the highest and best price obtainable."

¶ 3 After ten years and no offers to purchase the property, Wife continued to occupy the premises and rent out rooms therein to others. Husband filed suit in August 2007, alleging Wife's violation of both the settlement agreement and the trust agreement in her refusal to list the property for sale, failure to cooperate in a sale, refusal to furnish reports regarding her attempts to sell, and conversion of the trust corpus. Among other relief sought,[3] Husband sought suspension or removal of Wife as trustee of the trust and appointment of a receiver or temporary trustee to take possession of the property and administer the trust. Wife denied the allegations of the Petition and counter-claimed against Husband for unpaid alimony and attorney fees to which she was entitled pursuant to the settlement agreement.

¶ 4 Subsequent to an evidentiary hearing, the trial court entered an Order on December 6, 2010, wherein it found the primary purpose of the settlement agreement and the trust was to facilitate the sale of the property and distribution of the resulting proceeds. This Order noted that in accordance with the terms of the trust agreement, the parties must act unanimously to approve any attempted sale of the property.[4] The court found that given the parties' unwillingness or inability to act unanimously, the purpose of the settlement agreement and the trust cannot be fulfilled. Consequently, the trial court assumed control of the trust pursuant to 60 O.S.2001 § 175.23.[5] The court ordered the

---

1. An order appointing a receiver is an interlocutory order appealable by right. 12 O.S. § 993(A)(4); Sup.Ct. R. 1.60(e).

2. The parties entered into a trust agreement, wherein they were grantors and joint trustees of a revocable inter vivos trust.

3. Husband sought an order compelling Wife to list the property for sale, an order enjoining Wife from continuing to commit the breaches of the agreement, an order compelling the Wife to redress the breach by payment of money, an order compelling Wife to account for all sums received, a reduction or denial of any compensation/alimony to Wife, and a constructive trust on Wife's property pending a hearing on the matter. Additionally, Husband sought a temporary restraining order to prevent Wife from transferring, selling, conveying any property pending hearing on the matter.

4. This order includes the trial court's acknowledgment that despite the settlement agreement's reference to the trust agreement for terms applicable to Wife's occupancy of the property, the trust agreement is silent on the issue.

5. Title 60 O.S. § 175.23 provides in pertinent part as follows:

A. The district court shall have original jurisdiction to construe the provisions of any trust instrument; to determine the law applicable thereto; the powers, duties, and liability of trustee; the existence or nonexistence of facts affecting the administration of the trust estate; to require accounting by trustees; to surcharge trustee; and in its discretion to supervise the administration of trusts; and all actions hereunder are declared to be proceedings in rem.

. . . .

C. Actions hereunder may be brought by a trustee, beneficiary, or any person affected by the administration of the trust estate. If the action is predicated upon any act or obligation of any beneficiary, the beneficiary shall be a necessary party to the proceedings. The only necessary parties to such actions shall be those persons designated as beneficiaries by name or class in the instrument creating the trust and who have a vested interest in the trust which is the subject of the action, those persons currently serving as trustees of the trust, and any persons who may be actually receiving distributions from the trust estate at the time the

parties to carry out the intent of the agreement and the trust and sell the subject property, mandating they make good faith efforts to agree on a listing agent and sale price for the property. Finally, the court forewarned that "[i]f the parties are unable to come to an agreement, the Court will order sale by alternate means."

¶ 5 Ten months later, Husband filed a Motion to Sell Trust Property, Request for Immediate Hearing, and Order Requiring Defendant to Vacate Property, noting a new dispute had arisen between the parties over the selection of a realtor and a listing agreement (unilaterally signed by Wife). Given this continuing inability and/or unwillingness of the parties to act in concert with respect to the sale of the property, Husband requested the Court to order a sale by alternate means. Wife filed no response to Husband's motion.

¶ 6 It is apparent from the record that at a status conference, the trial court announced its intention to appoint David Rhodes as receiver herein in the event the parties' efforts to list/sell the house failed. Husband thereafter filed a notice of his agreement to the appointment. At some point shortly after this status conference, the trial judge was appointed to the Court of Civil Appeals and the case was assigned to a new trial judge, who presided at the hearing on Husband's Motion. At the hearing, Counsel for Wife argued the appointment of a receiver was unnecessary, as Wife had unilaterally signed a new listing agreement on the property.[6] The trial court ultimately appointed David

Rhodes as receiver with the entry of its November 10, 2011 Order.

¶ 7 On appeal, Wife argues (1) the trial court lacked jurisdiction over the trust because the parties were not joined as parties in their representative capacities as trustees; (2) the appointment of a receiver was in error, as a successor trustee should have been named in the absence of evidence that the property was in danger of being lost, removed or materially injured; (3) "procedural errors" deprived the trial court of its authority to enter the order appointing a receiver. Insomuch as each of the propositions of error are without merit and/or not properly preserved for appellate review, we affirm the trial court's appointment of a receiver.

¶ 8 The abuse of discretion appellate standard of review applies to a trial court's decision to appoint a receiver pursuant to 12 O.S.2001 § 1551.[7] *H.A. Sand Springs, L.L.C. v. Lakeside Care Center, L.L.C.*, 2012 OK CIV APP 21, ¶ 10, 273 P.3d 73, 75. We will only find an abuse of discretion "when it is exercised to an end or purpose not justified by, and clearly against, reason and evidence, or when a trial court errs with respect to a pure, unmixed question of law." *In re Estate of Hughes*, 2004 OK 20, ¶ 8, 90 P.3d 1000, 1003 (citations omitted).

¶ 9 Wife cites 60 O.S. § 175.23 in support of her argument that the trial court lacked jurisdiction over the trust. She asserts the jurisdictional defect derives from the failure to join the necessary parties of Husband and Wife specifically in their re-

action is filed. Contingent beneficiaries designated by name or class shall not be necessary parties....

6. Specifically, Wife signed an agreement to extend the initial listing agreement with the realtor, which had expired. (Husband consented to the original listing agreement with this realtor, who was selected by Wife). Husband objected to an extension of the listing agreement with the realtor for the following reasons: (1) the realtor advertised the property at a lower sale price ($112,000) than that provided in the listing agreement ($122,000); (2) the realtor's lack of advertising and marketing of the property; and (3) the realtor had declined to furnish Husband with requested information to confirm the property had been shown during its listing.

7. A receiver may be appointed by a Judge of the Supreme Court or a district court judge:

1. In an action by a vendor to vacate a fraudulent purchase of property, or by a creditor to subject any property or fund to his claim, or between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff, or of any party whose right to or interest in the property or fund, or the proceeds thereof, is probable, **and where it is shown that the property or fund is in danger of being lost, removed or materially injured.**

12 O.S. § 1551 (emphasis added).

spective representative capacities as Trustees.[8] The parties were sued here without any particular designation as to capacity, individual or otherwise.[9] In her Answer, Wife admits to the Petition's allegations that the parties are joint Trustees. Despite the lack of specific designation of the parties' representative capacity as trustees, the trial court appears to have *treated* the parties as having been sued in their representative capacities, as it assumed control over the trust pursuant to statutory authority permitting it to determine "the powers, duties, and *liability of trustee*." 60 O.S. § 175.23(A) (emphasis added). This statute further expressly identifies the parties necessary to a trust action. "The only necessary parties to such actions shall be ... **those persons currently serving as trustees of the trust,** and any persons who may be actually receiving distributions from the trust estate at the time the action is filed." § 175.23(C). Husband, who brought this action, is a person currently serving as a trustee of the trust, and therefore, is a necessary party by the express terms of the statute. He sued Wife, the other person currently serving as trustee, and likewise a necessary party. The failure to join Wife in her specific representative capacity as Trustee is of no consequence because she had notice of the action, had admitted to her trustee status, and is already a party in the action with notice of the allegations against her in her representative capacity as Trustee.

¶ 10 Wife fails to cite authority in support of the proposition that the trial court's failure to appoint a successor trustee instead of a receiver constitutes reversible error. Argument unsupported by persuasive authority, citation or argument will not be considered. *Abel v. Tisdale,* 1980 OK 161, ¶ 18, 619 P.2d 608, 611.

¶ 11 Wife further asserts that the appointment of a receiver was improper given the lack of evidence that the property was in danger of being lost, removed, or materially injured within the meaning of 12 O.S. § 1551(1). However, Wife ignores § 1551(6), which authorizes the appointment of a receiver "in all other cases where receivers have heretofore been appointed by the usages of the courts of equity." *Id.* It has long been recognized that "[t]he appointment of receivers is frequently necessary in cases of trusts, either express or implied, as against trustees and persons occupying fiduciary relations." *State ex rel. Warren v. Douglas,* 1939 OK 111, 89 P.2d 298, 300; *see Guaranty Laundry Co. v. Pulliam,* 200 Okla. 185, 191 P.2d 975 (holding where deadlock on the board of directors of a corporation renders the corporation unable to function properly, the appointment of a receiver is proper.). The record clearly reflects the parties, who were obligated by the terms of the trust to act in concert, were deadlocked and unable to fulfill the trust's purpose of selling the property and distributing the proceeds. The circumstances justified the appointment of a receiver and the trial court did not abuse its discretion in making the appointment.

¶ 12 Finally, Wife raised three alleged procedural errors which warrant reversal of the Order Appointing Receiver. Specifically, she contends reversal is warranted on the basis of the following: (1) the hearing improperly addressed an issue outside Husband's Motion; (2) the judge who heard the motion was not assigned to the case; and (3) the order was not signed by counsel. We note no authority was cited in support of the proposition (with the exception of local rules tangentially or generally related to the subject matter) that any of these alleged procedural infirmities warrant reversal of the Order Appointing Receiver.

---

8. Wife failed to raise this issue below. However, we note an objection to jurisdiction for lack of a necessary party may be raised in the first instance on appeal. *First Nat'l Bank v. Clark,* 1965 OK 71, 402 P.2d 248, 250. In *Clark,* the Court held the trial court lacked jurisdiction for lack of necessary parties on the basis that two remaindermen were not named as parties to the action. The Court reasoned that because the trial court's judgment diminished the estate without notice to

them, it "constitutes a taking of property without due process of law." *Id.* at 251.

9. The record includes Husband's January 22, 2008 Application to Amend Petition and Join Additional Party Defendant, the Revocable Inter Vivos Trust of Larry W. Fansler and Bobbie S. Fansler. The trial court's disposition, if any, of this application is unclear from the record and/or the docket.

As noted previously herein, argument unsupported by persuasive authority, citation or argument will not be considered. *Abel,* 1980 OK 161, ¶ 18, 619 P.2d at 611. Additionally, to the extent these allegations appear to present new issues not previously raised in the trial court, we refrain from providing a first-instance consideration on appeal. *Steiger v. City Nat'l Bank of Tulsa,* 1967 OK 41, ¶ 24, 424 P.2d 69, 72; *State v. Torres,* 2004 OK 12, n. 15, 87 P.3d 572, 578. Further, new arguments presented by an appellant for the first time in a reply brief will not be considered on appeal. *Application of Southwestern Bell Telephone, L.P. v. State of Oklahoma ex rel. Oklahoma Corporation Commission,* 2007 OK 55, ¶ 33, 164 P.3d 150, 162–63.

¶ 13 From our review of the record and the parties' arguments, the trial court's decision was neither contrary to law nor an abuse of discretion. No reversible error being shown, the trial court's November 10, 2011 Order Appointing Receiver is AFFIRMED.

BELL, P.J., and HETHERINGTON, J., concur.